Stewart, J.
 

 The main question before this court is whether the Court of Common Pleas had the power or authority to make the order it did with reference to the insurance policies involved in the present case. It must be conceded that if the court had jurisdiction to make the order in question plaintiff is bound by it, no appeal having been prosecuted therefrom.
 

 In divorce and alimony matters, the Court of Common Pleas does not possess general equity powers. Its jurisdiction in such matters is fixed by Sections 11979 to 12003, inclusive, General Code.
 

 Section 11991, fixing the authority of the court with reference to alimony for a wife who has secured a divorce for the aggression of her husband, reads:
 

 “Such alimony may be allowed in real or personal property, or both, or by decreeing to her such sum of money, payable either in gross or installments, as the court deems equitable.”
 

 
 *535
 
 With reference to the children of divorced parents, Section 11987 provides:
 

 “ * * * ipjjg cour£ shall make such order for the disposition, care and maintenance of the children, if any, as is just.”
 

 In
 
 Marleau
 
 v.
 
 Marleau,
 
 95 Ohio St., 162, 115 N. E., 1009, the syllabus reads:
 

 “A proceeding for alimony does not invoke the equity powers of the court but is controlled by statute. The court is only authorized to exercise such power as the statute expressly gives, and such as is necessary to make its orders and decrees effective.”
 

 That syllabus was approved in
 
 West
 
 v.
 
 West,
 
 100 Ohio St., 33, 124 N. E., 888, which case involved an order for the custody and support of children.
 

 It logically follows that in a divorce case the Common Pleas Court has no jurisdiction with reference to an award of alimony or an order for the support of the children which is not given to it by statute, and no jurisdiction other than that granted by statute can be conferred upon such a court even with the consent of the parties to an action.
 

 In the present case the court made its order .with reference to both alimony and support of the children by awarding defendant $350 per month. If the court had decreed that plaintiff take out policies of insurance on his life with defendant as beneficiary we would have a different question. That was not done. Since a diligent search of the record fails to disclose a scintilla of evidence that the policies in the present case were taken out as the result of an agreement between plaintiff and defendant, or as a result of a contractual obligation with any one, or for any reason other than is natural where a father takes out insurance policies on his life for the benefit of his children, and since no move has been made to in any way modify the award for alimony and children’s support heretofore made,
 
 *536
 
 the sole question before us is whether the court had any power or authority to order plaintiff to keep the insurance policies alive in favor of his children after the latter had attained their majority.
 

 Section 7997, General Code, reads:
 

 “The husband must support himself, his wife, and his minor children out of his property or by his labor. If he is unable to do so, the wife must assist him so far as she is able.”
 

 In the case of
 
 Thiessen
 
 v.
 
 Moore,
 
 105 Ohio St., 401, 137 N. E., 906, the second paragraph of the syllabus reads:
 

 ‘ ‘ In a divorce, alimony, custody, support and maintenance proceeding the trial court is without power to make a decree with reference to the maintenance of minor children beyond the date when such children shall arrive at their majority, and a decree which purposes and attempts to direct the course of the succession to the title of real estate after the death of the parents is in that respect
 
 ultra vires
 
 and void and may be attacked in a collateral proceeding. ’ ’
 

 Judge Bobinson in the opinion stated:
 

 ‘ ‘ The Legislature having imposed no obligation upon the parent beyond the majority of the children, the court was without power to create such obligation, was without power to do other than provide for the maintenance, care, education and custody of the children during minority, and was
 
 without power to make any order with reference to the children which was not for the purpose of maintenance, care, custody and control during
 
 minority.” (Italics ours.)
 

 The law of the
 
 Thiessen case
 
 has been followed by this court in later cases.
 
 Becker
 
 v.
 
 Industrial Commission,
 
 137 Ohio St., 139, 142, 28 N. E. (2d), 361;
 
 In re Beilstein,
 
 145 Ohio St., 397, 62 N. E. (2d), 205, 160 A. L. R., 1430.
 

 In the
 
 Beilstein case,
 
 this court in a
 
 per curiam
 
 
 *537
 
 opinion quoted from the
 
 Becker case
 
 as follows:
 

 “ ‘Section 7997, General Code, provides, among other tilings, that: “The husband must support himself, his wife, and his
 
 minor
 
 children out of his property or by his labor.” (Italics ours.) Applying the doctrine of
 
 expressio unius est exclusio alterius
 
 there is no legal liability on the part of a father to support and maintain an adult child.
 
 Thiessen
 
 v.
 
 Moore *
 
 *
 
 *.
 
 The precise limit of time during which a father is liable for his child’s maintenance is fixed by law, and it cannot, in any case, be either enlarged or diminished except by legislative action.5 55
 

 In the
 
 Beilstein case
 
 attention was called to the fact that under the provisions of Sections 1815-9 and 1890-35, General Code, a father may be held liable for the support of an insane child under certain circumstances. Of course those sections have no application to the present case.
 

 The
 
 Thiessen case
 
 is not only supported by logic and reason but is in accord with the great weight of authority.
 

 In 162 A. L. R., 1085, it is stated:
 

 “Largely in reliance upon the commonly expressed rule that when a child of the parties to a divorce or separation action attains his majority, authority of the court over such child comes to an end, it has been held or recognized, except in a few scattered cases, that a court in a divorce or separation suit is without power to provide for the support of,
 
 or aid to,
 
 an adult child of the parties, or to continue a provision for support after a child attains his majority.” (Italics ours.)
 

 In support of the above statement cases are cited from the federal courts and from the courts of 18 states.
 

 It follows that the Common Pleas Court was without power or authority to make the decree with refer
 
 *538
 
 ence to the life insurance policies being extended beyond the time of the coming of age of the children of plaintiff and defendant upon any basis of furnishing support to such children beyond such time.
 

 Is there any other basis upon which the decree can be sustained with reference to the insurance policies?
 

 As we have said, there is not a scintilla of evidence that the policies were taken out by plaintiff as the result of any agreement or arrangement between plaintiff and defendant or between plaintiff and the court. There can be circumstances as the result of contract or equitable considerations whereby an insured might be prevented from changing the beneficiaries in an insurance policy or from cancelling the policy, but there are no such circumstances in the present case.
 

 The court in a divorce case has the power only to award a wife alimony out of the husband’s property or by decreeing to her a sum of money, such alimony to be either in bulk or in installments, or both.
 

 The court did not award the defendant any interest in the insurance policies of the plaintiff. As we have seen, the court has no authority to award children support after they become of age, and the court’s authority to provide in any way for the children ceases when they reach their majority.
 

 The decree as to the insurance policies cannot be sustained as a gift because in the arrangement as to the policies there were no elements of a gift
 
 inter vivos.
 

 The fact that the plaintiff did not appeal from that part of the order of the court which was void added no force to it.
 

 Parties cannot by agreement clothe the court with jurisdiction of subject matter which it does not have. Parties cannot by agreement confer jurisdiction upon this court to hear an appeal in a tort action by appealing directly to this court and by-passing the Court of
 
 *539
 
 Appeals. Nor can parties by agreement clothe a justice of the peace with authority to grant a divorce.
 

 Since the jurisdiction of the Court of Common Pleas in a divorce, alimony and support action is fixed and limited by statute, an order therein, which the statutes do not authorize, is void and cannot be vitalized by the failure to appeal therefrom.
 

 It follows that the judgment of the Court of Appeals must be and is affirmed.
 

 Judgment affirmed.
 

 Zimmerman, Middleton, Taet, Matthias and Hart, JJ., concur.