GRANT, APPELLANT, *v.* GRANT, APPELLEE.

[Cite as Grant v. Grant (1977), 60 Ohio App. 2d 277.]

(No. E-77-2—Decided May 6, 1977.)

*Cook & Batista Co., L.P.A.,* for appellant.
*Murray & Murray Co., L.P.A.,* for appellee.

WILEY, J. The appeal herein is from a judgment in which the trial court overruled a motion by plaintiff-appellant to terminate his obligation to furnish a college education and cer-

tain expenses of his son, James Grant, for the reason that his son had become twenty-one years of age.

The overruling of this motion is the sole assignment of error on appeal.

The facts are not in dispute as stated in appellant's brief as follows:

"Appellant, Dr. John F. Grant, and Appellee, Louise M. Grant, obtained a divorce on August 13, 1969, in the Court of Common Pleas, Erie County, Ohio. Prior to the decree being filed, the parties entered into a separation agreement dated August 8, 1969, which set forth their respective property rights and provided for the custody and support of the parties' minor children. The trial court approved the separation agreement, and incorporated and made it a part of the decree of divorce.

"It is Article XIII of the Separation Agreement that gives rise to the subject matter of this appeal. Article XIII reads as follows:

" 'The Husband agrees to provide the minor children of the parties hereto with a college education, to-wit: room, board, books, tuition and lab fees, or comparable type training, provided the said minor children attain passing grades. Should the Husband die prior to the time that all the minor children have reached the age wherein they have had the opportunity to elect to further their education beyond the last year of High School, the Wife shall have a valid claim against the Husband's estate for an amount of money sufficient to provide the said minor children with the advanced educational training.'

"One of the children of the parties, namely James Grant, is enrolled at Mt. Union College, Alliance, Ohio, and has been a student there for three (3) years. James Grant was born on June 13, 1955, and therefore, on June 13, 1976 became twenty-one (21) years of age, and thereby achieved his majority under pre-1974 Ohio Law. (Effective January 1, 1974, the age of majority in this state was changed from 21 years to 18 years of age by amendment to R. C. 3109.01). By reason of James Grant attaining age 21, appellant, Dr. John F. Grant, moved the Court below, in August, 1976, for an order terminating appellant's obligation to furnish James Grant with college education and associated expenses.* * *"

The appellant contends that a separation agreement loses its nature as a contract the moment it is adopted by the court and is incorporated into the divorce decree, citing *Wolfe* v. *Wolfe* (1976), 46 Ohio St. 2d. 399. The fourth paragraph of the syllabus of *Wolfe* states:

"A separation agreement of the parties loses its nature as a contract the moment it is adopted by the court and incorporated into a decree of divorce. (*Law* v. *Law,* 64 Ohio St. 369; *Newman* v. *Newman,* 161 Ohio St. 247, and *Mozden* v. *Mozden,* 162 Ohio St. 169, modified.)"

The appellant further contends that the obligation to provide educational expenses is imposed by the decree. Therefore, appellant contends that R. C. 1303.03 requiring that a husband support his children is applicable, even though the parties in a divorce proceeding may agree otherwise, and that the statute requires support only to the age of majority. The following cases are cited in support thereof: *Miller* v. *Miller* (1951), 154 Ohio St. 530; *Nokes* v. *Nokes* (1976), 47 Ohio St. 2d. 1; and *Rosenfeld* v. *Rosenfeld* (1976), 47 Ohio St. 2d. 12. The appellant points out that the Supreme Court in *Nokes, supra,* stated that the fourth and fifth paragraphs of the syllabus in *Robrock* v. *Robrock* (1958), 167 Ohio St. 479, are in total contradiction to paragraphs two and three of the syllabus in *Miller* v. *Miller* (1951), 154 Ohio St. 530.[1] Furthermore at the bottom of page 7 of *Nokes,* the court stated: "Ac-

---

[1] Paragraphs 4 and 5 of the syllabus in *Robrock, supra,* read:

"4. In a divorce case, the court, to give effect to a separation agreement, has the power to incorporate it in the divorce decree or base the decree on its provisions, even though the court, in the absence of an agreement of the parties, would not have the power to make the resultant decree.

"5. Where, as part of a valid agreement, a husband agrees to provide a college education for his children and further agrees to keep in effect insurance policies on his life in which such children are beneficiaries, and where such agreement is incorporated in a decree divorcing the husband from his wife, such decree becomes binding upon the husband even though the performance required by the decree may extend beyond the minority of the children."

Paragraphs 2 and 3 of the syllabus in *Miller, supra,* state:

"2. In a divorce action, where a child of the parties attains his majority, authority of the court over such child comes to an end, and the court is without power to provide for the support of or aid to such child or to continue a provision for his support. (*Thiessen* v. *Moore,* 105 Ohio St., 401, approved and followed.)

"3. The parties to an action cannot by agreement clothe a court with jurisdiction of subject matter which it does not have."

cordingly, we must conclude that the viability of paragraphs four and five of the syllabus in Robrock is no longer apparent."

The appellee contends that the *Wolfe* case must be confined to the holding of that case. We agree. As summarized at page 419, the opinion written by Justice William B. Brown and concurred in by a majority of the court reads in part:

"***[W]e hold, therefore, that where an alimony award is for support only, is for an indefinite amount, and where there is no property settlement, or if there is such a settlement, the support award is independent thereof, the jurisdiction of the court to modify will be implied in the decree irrespective that such support order is based upon an agreement of the parties." [2]

As to the decision in *Nokes* v. *Nokes, supra,* and *Rosenfeld* v. *Rosenfeld, supra,* the court held that a divorce decree, with or without a minor child support agreement between the parties, is affected only by the prospective application of a statutory modification of the age of majority.

The decisions in the recent cases of *Nokes* and *Rosenfeld* resulted in the support of children up to the age of 21 years, arising out of pre-1974 divorce decrees, even though amended R. C. 3109.01 reads: "All persons of the age of eighteen years or more, who are under no legal disability, are capable of contracting and are of full age for all purposes." The decisions in these cases did not require, nor did the court enter a decision, that the trial court lacked jurisdiction in a divorce action to decree support for a child of the parties to continue beyond the age of majority where the separation agreement of the parties so provided and was made a part of the decree. The fourth and fifth paragraphs of the syllabus in *Robrock, supra,* have not been overruled. For the reasons hereafter set forth, these paragraphs should be followed.

The average age of a modern high school graduate is eighteen. Prior to 1974, under the broad discretion and general equity powers of the trial court in domestic relations cases involving child support, the courts often made provisions for a college education of children of the parties. *Nokes*

---

[2] The holding is "to be applied prospectively only to decrees incorporating separation agreements entered after the date of this judgment." *Wolfe, supra* at 421.

v. *Nokes* (1976), 47 Ohio St. 2d. 1; *Mitchell* v. *Mitchell* (1960), 170 Ohio St. 507; *Robrock* v. *Robrock* (1958), 167 Ohio St. 479; R. C. 3103.06.

In 1975, sixty percent of high school graduates were expected to enter a college or university and work toward a degree. Twenty-four percent were expected to graduate. 1975 Digest of Educational Statistics, Educational Division, Department of Health, Education, and Welfare, page 2. More than an estimated eleven million high school students will go on to accredited colleges (for 1977) on the national level. Ohio Schools, Feb. 24, 1977, p. 3. The parents of these potential college students have a legitimate interest in providing a college education for them. It is sound public policy of the state of Ohio to encourage, rather than discourage, such interest. This is particularly true in light of the enactment of amended R. C. 3109.01, whereby the parent is generally compelled to support his minor child only until age 18. With the age of majority reduced to eighteen years, and considering the age of eighteen as the normal age at which a child becomes eligible for college, few if any parents would be required by court decree to provide any part of a college education. When the parties to a separation agreement have voluntarily agreed to provide a college education for a child, it is contrary to sound public policy to eliminate a continuous forum in which such agreement can be enforced or modified.

The legislature has established a parental duty to support a child beyond the age of majority under certain circumstances;[3] it follows that it is sound public policy to enforce agreements of parents to provide a college education for a child, even when such child has attained the age of majority.

In *Miller, supra,* the court stated that where the child attains majority, the "authority of the court over such child comes to an end and the court is without power to provide for

---

[3] R. C. 3103.03 was amended by the same act amending R. C. 3109.01. R. C. 3103.03 now reads, in part:

"***Notwithstanding section 3109.01 of the Revised Code, the parental duty of support to children shall continue so long as the child continuously attends on a full-time basis any recognized and accredited high school, even when such child has attained the age of majority. Such duty of support shall continue during seasonal vacation periods."

the support of or aid to such child***." "The parties to an action cannot by agreement clothe a court with jurisdiction of subject matter which it does not have." There is, at least, a partial *non sequitur* in the above quotation. Even if the court no longer may have jurisdiction of *the child* upon his reaching majority, it does not follow that the court loses jurisdiction of *the parents.* They are *the parties* over whom the court obtained jurisdiction by reason of the divorce proceedings. It is their agreement that was merged in the court's decree. It is not logical to deprive the court of jurisdiction of either the parties or the subject matter because the child has reached the age of majority. The facts in *Miller, supra,* were such that it was most inequitable to require the husband to maintain certain large insurance policies on his own life for the benefit of three adult children. In *Miller* there was no agreement between the parties which became merged in the court's decree. It appears logical to continue jurisdiction in the court over the parties to a separation agreement providing for a college education which has been transmuted into a decree of the court beyond the age of majority of the child or children involved.

Justice Zimmerman, in his dissent in *Robrock* v. *Robrock, supra,* raised the question of an independent action to compel compliance with the terms of the agreement therein. In view of the vast changes in recent years in court procedure by reason of the Modern Courts Amendment to the Constitution, by the new Rules of Civil Procedure and by legislative enactments, including that pertaining to the age of majority, the proper and expeditious adjudication of the rights of the parties herein could best be determined in the trial court in which the divorce proceedings were had, wherein the court has full equity powers and jurisdiction conferred upon it by statute. R. C. Chapter 3105; Civ. R. 75.

R. C. 3105.10 (B), effective August 1, 1975, states:

"(B) A separation agreement providing for the support of children eighteen years of age or older is enforceable by the court of common pleas. If a court of common pleas has a division of domestic relations, all cases brought for enforcement of a separation agreement providing for the support of children eighteen years of age or older shall be assigned to the judges of that division."

Civ. R. 75 (I) states in part:

"Continuing jurisdiction. The continuing jurisdiction of the court shall be invoked by motion filed in the original action, notice of which shall be served in the manner provided for the service of process under Rule 4 through Rule 4.6."

On consideration whereof the judgment of the Erie County Common Pleas Court is affirmed at appellant's costs.

*Judgment affirmed.*

BROWN and CONNORS, JJ., concur.