In re MARRIAGE OF Louise C. FRINK and Orrin Frink.

Upon the Petition of Louise C. Frink, Petitioner-Appellant,

And Concerning Orrin Frink, Respondent-Appellee.

No. 86-297.

Court of Appeals of Iowa.

May 28, 1987.

Leo L. Finkelstein of Davis, Hockenberg, Wine, Brown & Koehn, Des Moines, for petitioner-appellant.

B. Joan White of Tysseling & White, Ames, for respondent-appellee.

OXBERGER, Chief Judge.

This is an appeal from the district court's ruling on appellant Louise Frink's petition for enforcement and modification of the decree dissolving her marriage to appellee Orrin Frink. We affirm the district court's ruling as modified and remand with directions.

A brief review of the history of this case must precede any discussion of the issues raised in this appeal. The record reflects that the parties were divorced by an order entered in the Court of Common Pleas of Athens County, Ohio, in 1972. Pursuant to the dissolution decree, Louise was granted custody of the parties' four minor sons. In May of 1984, Louise filed the underlying

petition for modification requesting that Orrin be required to contribute to the educational expenses of the two youngest sons, Neal and Barry. Because Orrin had become a resident of Iowa, the petition was filed in this state. At the time that it was filed, Neal was a junior at Carnegie-Mellon University in Pittsburgh and Barry was completing his senior year of high school at Landmark School in Prides Crossing, Massachusetts. Louise requested that Orrin be required both to contribute to the future educational expenses of the boys and to reimburse her for one-half of the expenses which she incurred in paying for Neal's sophomore and junior years at Carnegie-Mellon and for Barry's tuition at Landmark School.[1] At the time of the district court's ruling, Neal had graduated from Carnegie-Mellon and Barry had completed his program at Landmark School and was enrolled in college at Bowling Green University in Bowling Green, Ohio. The court ordered Orrin to contribute to one-half of Barry's educational expenses incurred after the entry of its order, but denied Louise's request for retrospective relief. It is from this portion of the ruling that Louise has appealed. Having reviewed the record de novo, Iowa R.App.P. 4, we conclude that the trial court's order should be modified and remanded as provided herein.

Initially, we note our concurrence with the district court's conclusion that Ohio law governs the determination of whether Louise's request for modification should be granted. In *Leitch v. Leitch*, 382 N.W.2d 448, 451 (Iowa 1986), the Iowa Supreme Court considered a similar case, and noted that the courts of a forum state are authorized to enforce or modify prospectively the provisions of foreign support decrees if such action is permissible according to the law of the jurisdiction where the original judgment was entered. Furthermore, both parties in the present case presented Ohio law to the trial court, and neither objected to the court's conclusion that Ohio law should be applied; hence, this determination has become the law of the case. *See*

*Dawson County Ins. Co. v. Stuart*, 142 Neb. 435, 437, 8 N.W.2d 507, 508 (1943) (a portion of a decree not appealed from becomes the law of the case).

Pursuant to Ohio law, the child support provisions of a dissolution decree may be modified if it is shown that a change in circumstances warranting the requested modification has occurred. *Cheek v. Cheek*, 2 Ohio App.3d 86, 87, 440 N.E.2d 831, 833 (1982). After the requisite change in circumstances has been demonstrated, the appropriate amount of support is redetermined with reference to the following statutorily-enumerated factors:

(1) The financial resources of the child;

(2) The financial resources and needs of the custodial parent and of the non-custodial parent, when there is only one custodian;

(3) The standard of living the child would have enjoyed had the marriage continued;

(4) The physical and emotional condition of the child, and his education needs;

(5) The financial resources and needs of both parents where they are joint custodians;

(6) The educational needs of the child and the educational opportunities that would have been available to him had the circumstances requiring a court order for his support not arisen.

Ohio Revised Code § 3109.05 (1983). In addition, Ohio law provides that the parties to a modification action "are entitled to have the order of the [modification] court relate back to the date upon which the motion for modification of child support was filed." *Murphy v. Murphy*, 13 Ohio App.3d 388, 389, 469 N.E.2d 564, 565–66 (1984).

Significantly, Orrin has not cross-appealed from, nor does he challenge, the trial court's finding that the boys' educational expenses constitute a substantial change in circumstances warranting modification of his support obligation. Similarly, Orrin has

---

1. The record discloses that Landmark School is a private institution for adolescents with learning disabilities. Barry was transferred to Landmark following the completion of his junior year of high school when it was discovered that he was dyslexic.

raised no argument challenging the trial court's order that he assume one-half of Barry's prospective educational expenses.

We think, however, that the trial court erred in failing to order that Orrin's modified support obligation relate back to the date that Louise's petition for modification was filed. *See Murphy v. Murphy,* 13 Ohio App.3d at 389, 469 N.E.2d at 565–66. Moreover, we agree with Louise's assertion that pursuant to the terms of a "separation agreement" embodied in the parties' dissolution decree, Orrin is obligated to reimburse Louise for a portion of the post-secondary educational expenses which she incurred prior to the filing of the application for modification. At this juncture, it is important to note that this case is unique because Louise has not only sought to modify Orrin's support obligation, but concomitantly seeks to enforce the separation agreement. Pursuant to this provision of the decree, both Louise and Orrin agreed to "assist in every way possible" with the post-secondary education of the children. Significantly, the trial court found the agreement enforceable and Orrin has not appealed this ruling.[2] The trial court declined from applying the agreement retrospectively, however, because of its conclusion that at the present time, Orrin is financially incapable of reimbursing Louise for her prior educational expenditures. We think that the court erred in this respect.

■ Our review of the applicable case law persuades us that pursuant to the separation agreement, the trial court should have focused upon Orrin's ability to have assisted with the post-secondary education of the boys during the period for which Louise requests reimbursement rather than his ability to reimburse her at the present time. *See Heaney v. Heaney,* 93 Misc.2d 811, 813, 403 N.Y.S.2d 687, 689 (Sup.Ct. 1978). We have examined the status of

Orrin's finances during the period in question[3] and are convinced that he possessed sufficient resources to have assisted Louise with the educational expenses which she incurred. Contrary to Louise's assertions, however, the separation agreement does not require Orrin to reimburse her for Barry's senior year of high school at Landmark School; by its explicit terms, the agreement applies only to post-secondary educational expenses. Thus, the agreement requires that Orrin reimburse Louise for a portion of Neal's expenses during his sophomore and junior years at Carnegie-Mellon.

■ Combining the effect of both the trial court's modification order and the enforcement of the separation agreement, then, we hold that Orrin is required to assume one-half of Barry's educational costs incurred after the trial court entered its ruling on the petition for modification. In addition, Orrin is required to reimburse Louise for one-half of Barry's educational costs at Bowling Green which she paid between the time that the petition was filed and the time that the trial court entered its ruling. Similarly, Orrin must reimburse Louise for a portion of Neal's educational expenses incurred during the same period. Finally, the enforcement of the separation agreement requires that Orrin additionally reimburse Louise for a portion of Neal's sophomore and junior years at Carnegie-Mellon.

■ Having reached the above conclusion, we must now ascertain the extent to which Orrin is obligated to reimburse Louise for Neal's expenses at Carnegie-Mellon. Although Louise has requested that Orrin be required to reimburse her for one-half of these costs, Orrin maintains that a noncustodial parent cannot equitably be obligated to assume one-half of his or

---

**2.** We think that the trial court's finding that the separation agreement is enforceable is in full accord with Ohio law. *See Nokes v. Nokes,* 47 Ohio St.2d 1, 6–7, 351 N.E.2d 174, 178 (1976) (separation agreements providing for the support of children beyond the age of majority, which are incorporated with divorce decrees, are valid and enforceable and constituted a basis for citation for contempt where previously

unpaid); *see also Grant v. Grant,* 60 Ohio App.2d 277, 280, 396 N.E.2d 1037, 1039 (1977) (separation agreement contained in decree imposing obligation to provide a college education for adult children held enforceable).

**3.** From 1983 to the filing of the petition for modification.

her child's educational expenses at *any* college or university that the child may select without regard to the parent's preferences or to his or her financial resources. We agree.

While it cannot be disputed that a non-custodial parent has an obligation to contribute toward the college education of his or her child, we do not think that this obligation should be considered unlimited or absolute. Such an interpretation is particularly inequitable where, as in the instant case, the noncustodial parent was not consulted before the child enrolled in an extremely expensive private school, nor had the parent previously agreed to finance the child's *private* education.[4] If we were to require such a parent to assume an indefinite portion, such as one-half, of the child's educational expenses, an anomalous result would necessarily follow: a divorced parent could be compelled to pay educational expenses beyond his financial capability which he could not have been required to pay if he had remained married. We think that this result directly contravenes section 3109.05(6) of the Ohio Revised Code which provides that "[t]he educational needs ... and the educational opportunities that would have been available to [the child] had the circumstances requiring a court order for support not arisen" must be considered in recalculating a modified support obligation. *See* Ohio Revised Code § 3109.-05(6) (1983); *see also Heaney v. Heaney,* 93 Misc.2d 811, 813, 403 N.Y.S.2d 687, 689 (Sup.Ct.1978) (a private college education is not a necessity for which a parent can be compelled to pay unless unusual circumstances warrant such an expenditure).

It is our conclusion that in such circumstances, a divorced parent should be required to assume only a reasonable portion of the child's educational expenses. What

is "reasonable" in various cases must be determined by examining the parent's financial resources and the child's educational needs. Such a requirement of reasonableness would not preclude a child from attending the college or university of his choice, but would merely place a cap upon the amount that a parent could be obligated to contribute.

■ Turning to the present case, the record discloses that although Orrin's earnings as a university professor have been relatively high, his expenses have also been high, causing him to have a negative monthly net worth. As such, we think that the record contains credible evidence supporting Orrin's assertion that his financial predicament impedes his ability to pay one-half of Neal's education at a private school as expensive as Carnegie-Mellon. In these circumstances, we think that a more reasonable measure of Orrin's required contribution would be one-half of the amount that it would have cost the parties if Neal had attended a non-private, state-supported school located in the state of Neal's residency. Consequently, we conclude that the case should be remanded to the trial court with directions that the court determine the amount of tuition and fees that the parties would have been required to pay had Neal attended an acceptable public post-secondary institution for his sophomore, junior, and senior years of college. Orrin should then be ordered to reimburse Louise for one-half of this amount.[5]

Lastly, Louise has requested attorney fees for both the modification proceedings in the district court and this appeal. Such a discretionary award is allowed under Ohio law, at least to the extent of proceedings in the trial court. *Blum v. Blum,* 9 Ohio St.2d 92, 94, 223 N.E.2d 819, 820–21

---

4. A number of courts have held that an ambiguous separation agreement stating only that a noncustodial parent agrees to assume the cost of a child's post-secondary education must be impliedly conditioned upon the parent's financial ability and cannot be interpreted to require the parent to assume the full cost of the child's educational expenses at the institution of his or her choice. *See, e.g., Fox v. Haislett,* 388 So.2d 1261, 1266 (Fla.App.1980); *Rohn v. Thuma,* 408 N.E.2d 578, 580–83 (Ind.App.1980); *Heaney v.*

*Heaney,* 93 Misc. at 813, 403 N.Y.S.2d at 689; *Nelson v. Nelson,* 357 S.W.2d 223, 226 (Mo.App. 1962); *Johnstone v. Johnstone,* 226 Iowa 503, 511, 284 N.W. 379, 381 (1939).

5. We think that the children's educational expenses include tuition, books, laboratory costs, and room and board because these items are incident to the post-secondary education itself.

(1967). We think, however, that no such award is justified by the present record. Accordingly, we affirm the district court's denial of the fee petitions and deny the request with respect to these appellate proceedings. Costs are assessed to Orrin.

AFFIRMED AS MODIFIED AND REMANDED WITH DIRECTIONS.

All Judges concur except DONIELSON and SNELL, JJ., who specially concur.

SNELL, Judge (specially concurring).

I concur specially. The limit of the support obligation found by the majority to be one-half the cost of attending a non-private state-supported school is appropriate in this case. However, there is nothing in law or reason to establish this standard as an automatic cap on a parent's obligation for educational support of a child. If a child is qualified and a parent is financially able to provide a post-secondary education at a private college selected by the child, it is reasonable to require the parent to do so. *See Commonwealth v. Larsen,* 211 Pa.Super. 30, 32, 234 A.2d 18, 20 (1967).

DONIELSON, Judge (specially concurring).

I concur specially. While I concur in the majority opinion, I also accept Judge Snell's specially concurring opinion. I do not read the majority opinion as foreclosing the posture of the special concurring opinion. If, however, I am in error in this view, I wish to make it clear I accept Judge Snell's view that under certain circumstances private school costs may be perfectly satisfactory. Not in this case however.