In re MARRIAGE OF Dixie Lee HASLEY and Earl Andrew Hasley, Jr.

Upon the Petition of

Dixie Lee Hasley, Petitioner–Appellee,

And Concerning Earl Andrew Hasley, Jr., Respondent–Appellant.

No. 87–1114.

Court of Appeals of Iowa.

Sept. 28, 1988.

Brad J. Brady of Crawford, Sullivan, Read & Roemerman, Cedar Rapids, for respondent-appellant.

Karen A. Volz of Ackley, Kopecky & Kingery, Cedar Rapids, for petitioner-appellee.

Heard by OXBERGER, C.J., and DONIELSON and SCHLEGEL, JJ., but considered en banc.

SCHLEGEL, Judge.

Respondent husband, Earl Hasley, Jr., appeals an order modifying the child support provisions of the parties' dissolution decree. The order requires petitioner wife, Dixie Lee Hasley, to pay $15 per week for support of each of the couple's two sons while they attend college. Respondent considers that amount inadequate and contends that petitioner is able to pay more. He proposes that each parent be held responsible for thirty percent of the cost of their sons' college educations. He contends the sons can pay the remaining forty percent themselves. We affirm as modified.

On June 29, 1976, a decree was entered dissolving the parties' marriage. The decree granted custody of the parties' three children to Dixie and ordered Earl to pay child support. On September 15, 1982, the decree was modified pursuant to a stipulation of the parties. The modification decree awarded Earl custody of the two boys and ordered Dixie to pay $35 per week as child support. The modification decree provided that the court would retain jurisdiction concerning support for the boys during the period of post-high school education between the ages of 18 and 22.

On April 1, 1987, Earl filed an application for modification of the decree, stating that the boys would graduate from high school in the spring and planned to attend college. He requested continued child support throughout the boys' college years under Iowa Code section 598.1(2) (1987). The trial court found that the boys' combined educational costs would exceed $20,000 per year and ordered Dixie to pay $15 per week per child while they were attending college.

The sole issue on appeal concerns the level of support Dixie should be required to pay for the boys' college expenses. Earl contends that $15 per week per child is clearly inadequate. He claims that it is less than eight percent of the estimated annual cost of the boys' college education, only nine percent of Dixie's average adjusted gross income over the last five years, and less than Dixie had earlier been required to contribute. Earl contends that each parent should be ordered to assume thirty percent of the sons' college expenses. Dixie contends that she is unable to contribute a greater amount to college expenses and that the boys could have enrolled in less expensive schools.

Our scope of review in this dissolution action is de novo. Iowa R.App.P. 4; *Zinger v. Zinger*, 243 N.W.2d 639 (Iowa 1976).

Iowa Code section 598.1(2) (1987) imposes an obligation on divorced parents toward their adult offspring to support them while they are attending college, provided that they are between the ages of eighteen and twenty-two years, and are, in good faith, full-time students in a college, university, or area school. *See Marriage of Byall*, 353 N.W.2d 103, 107 (Iowa App.1984). In determining the level of support, we must consider the parties' age, present earning capacity, future prospects, amount of resources owned by each or both parties, contribution of each to the joint accumulations, the children, duration of the marriage, indebtedness of each or both, and many other relevant factors. *Locke v. Locke*, 246 N.W.2d 246, 251 (Iowa 1976). A divorced parent should be required to assume only a reasonable portion of the child's educational expenses. What is "reasonable" must be determined upon the facts of each particular case and "would not preclude a child from attending the college or university of his choice, but would merely place a cap upon the amount that a parent could be obligated to contribute." *In re Marriage of Frink*, 409 N.W. 2d 477, 481 (Iowa App.1987).

In the present case, the record indicates that Dixie, who had moved to Kansas City, was earning $8.00 per hour and her income was $16,000 in 1986. Although Dixie claimed at trial that she would remain at her job for only another week, she admitted

that she had been offered other employment but that she would not accept it at less than a gross annual salary of $16,800. She also testified that in the event she did not find a job, she could obtain employment benefits in Kansas of $178 per week. She also testified that she had accumulated $3,000 in savings during the year before the trial in July 1987. During that same year, however, she was delinquent in her child support payments in the amount of $1,741 and her income tax refund was seized to make up for most of this delinquency. Earl testified that he is a self-employed general contractor and that his net monthly income is $1,400 per month.

At the time of trial, Andrew had been accepted at Grandview College in Des Moines and Matthew had been accepted at Creighton University in Omaha, Nebraska. The total annual cost of an education at Creighton was $11,222 and $9,030 at Grandview. Both boys were employed during the summer as laborers for Earl and earned $5.00 per hour. Earl testified that he set aside approximately $1,000 from Andrew's and Matthew's earnings to be applied towards college expenses.

We agree with the trial court that it is reasonable to conclude from all of the evidence that Dixie will be able to obtain employment in the event that her employment with her current employer is terminated. We must take into consideration, however, that although each parent has an obligation to contribute toward the college education of his or her child, this obligation should not be considered unlimited or absolute. *In re Marriage of Frink*, 409 N.W. 2d at 481.

We decline Earl's request to require Dixie to pay 30% of the children's college expenses. We do believe, however, that, based upon the record before us, Dixie's contribution towards the boys' college educations should be increased. We hold that Dixie's child support obligation shall be the sum of $40 per week for each of the boys until they reach 22 years of age, so long as each child is regularly attending a course of vocational-technical training, or is, in good faith, a full-time student in a college, university or area school.

AFFIRMED AS MODIFIED.