### Casey v. Casey
*[Cite as 4 AOA 199]*

*Case No. L-89-189*
*Lucas County, (6th)*
*Decided June 1, 1990*

*Mark Wagoner, for Appellee.*

*David Cooper, for Appellant.*

This appeal arises from an order of the Lucas County Court of Common Pleas, Domestic Relations Division, filed on May 30, 1989, affirming the findings of fact and conclusions of law of a referee. The facts of this case reveal that the parties had their marriage dissolved on June 18, 1984. At the time of the dissolution, the parties had three children born of the marriage, to wit: "Peter Raymond Casey, IV, born April 15, 1970; Elizabeth Ann Casey, born March 30, 1974; and Emily Owen Cases, born October 30, 1975." A separation agreement had been prepared and executed by the parties in March 1984 in which they mutually agreed, among other matters, to the following:

"13. *Filing of Income Tax Returns.* Peter R. Casey, III shall claim the two (2) oldest children, namely, Peter Raymond Casey, IV, and Elizabeth Ann Casey, as his exemptions for state, federal and city income tax purposes; and Eve O. Casey shall claim the youngest child, namely, Emily Owen Casey, as her exemption for state, federal and city income tax purposes. . . ."

"16. *Controversies.* Any controversy which may arise between the parties as to this agreement shall be resolved by the parties through application to this court. . . ."

The agreement of the parties was merged into the decree.

On April 15, 1988, the eldest son, Peter R. Casey, IV, turned eighteen years of age. At a hearing to enforce the provisions of the decree held on April 5, 1989, it was admitted that appellee, Eve O. Casey, filed a 1988 federal income tax return claiming Peter R. Casey, IV, as an exemption on her return. She asserts that since Peter R. Casey, IV, had reached the age of majority on April 15, 1988, the court had lost jurisdiction over the matter. The referee's findings of fact were as follows:

"1. That by order of this court dated June 28, 1984, this court incorporated the Separation Agreement of the parties into the Decree of Dissolution of Marriage.

"2. That by article 13 of said agreement, defendant was granted the right to claim the income tax exemption for the oldest child, Peter R. Casey, IV.

"3. That defendant is not longer obligated to pay child support for Peter R. Casey, IV, the child having attained the age of eighteen on April 15, 1988, and is a high school graduate."

The sole conclusion of law is as follows:

"1. That this court's jurisdiction to enforce the tax exemption provision lapsed upon the child's attaining his majority."

The findings also included a suggestion that "the parties look to the IRS regulations for determination of the right to claim the tax [deduction] [*sic*] for Peter R. Casey, IV." These findings of fact and conclusions of law were, upon objection, approved and affirmed by the trial judge.

Appellant, in his sole assignment of error, claims:

"The lower court erred in finding that its jurisdiction to enforce the tax exemption provision lapsed by the child's reaching his majority, thereby denying appellant his right of enforcement."

R.C. 3105.65(B) provides in part as follows:

"*The court has full power to enforce its decree,* retains jurisdiction to modify all matters of custody, child support, and visitation, * * *" (Emphasis added.) In *Grant* v. *Grant* (1977), 60 Ohio App. 2d 277 at 282, we stated:

"Even if the court no longer may have jurisdiction of *the child* upon his reaching majority, it does not follows that the court loses jurisdiction of *the parents.* They are *the parties* over whom the court obtained jurisdiction by reason of the divorce proceedings. It is their agreement that was merged in the court's decree. It is not logical to deprive a court of jurisdiction of either the parties or subject matter because the child has reached the age of majority." (Emphasis in original.)

The decision in Grant, *supra,* concerned the question of college education expenses imposed on the husband by the terms of the separation agreement which had been merged into the decree of divorce. It was contended by appellant that these expenses were no longer payable because the child had reached the age of majority. In *Hughes* v. *Hughes* (1988), 35 Ohio St. 3d 165 at 168, it was stated:

"We can only speculate as to the determination the Internal Revenue Service will make

should Mrs. Hughes choose to disobey the court order at issue herein and refuse to execute the exemption declaration. If in such case, Internal Revenue Service follows the presumption set forth in Section 152 and awards the exemption to Mrs. Hughes, the custodial parent, *then one of Mr. Hughes' options, in addition to appeal of the IRS ruling, would be a contempt of court action in state court against Mrs. Hughes, seeking enforcement of the court order.*" (Emphasis added.)

The *Hughes* decision affirmed the holding of this court that a domestic relations court could award a dependency tax exemption as part of the division of marital property in a divorce proceeding. Furthermore, from the language by the court and cited hereinabove, it is beyond cavil that the Supreme Court of Ohio does not believe a domestic relations court loses jurisdiction of the parties to enforce its decree in cases where there is a dependency dispute. As cited by Justice Holmes at page 167:

"*Thus, dependency disputes between parents will be resolved without the involvement of the Internal Revenue Service.*" See, The Staff of the Joint Congressional Committee on Taxation, 98th Congress, 2d Session, December 31, 1984. (Emphasis in original.)

Thus, the real issue in this case for the domestic relations court to decide is whether Peter R. Casey, IV, is still a "dependent" under the Federal Income Tax laws. If Peter R. Casey, IV, based on the evidence to be adduced, is still a "dependent" then in order to maintain the integrity of its decree the court has jurisdiction to enforce said decree. The child's majority does not necessarily deprive the domestic relations court of jurisdiction where the agreement of the parties may remain a valid issue under the federal tax code. The majority of the child in the instant case is not in any manner synonymous with the question of dependency as long as a child may remain a dependent even though the age of majority has been reached. Accordingly, appellant's sole assignment of error is found well-taken.

Based on the foregoing, the judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, is hereby reversed and this cause is remanded to said court for further proceedings consistent with the findings herein.

*Judgment reversed and cause remanded.*

GLASSER, J., RESNICK, J., FRANKLIN, Jr., J., concur.

Robert V. Franklin, Jr., retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.