DECISION AND JOURNAL ENTRY
Appellant-defendant Jackie Lee Rose appeals from a judgment of the Wayne County Court of Common Pleas that established a child support order on behalf of his eighteen-year-old son, Foster. This Court reverses.
 I.
The parties were married in 1979, and divorced in 1989. Two children, Jennifer and Foster, were born as issue of the marriage. Pursuant to the divorce decree, appellee was awarded custody of both minor children, and appellant was ordered to pay appellee child support for both children. In 1994, per the parties' request, custody of Foster was changed from appellee to appellant. The court ordered appellant to continue to pay appellee support for Jennifer, but terminated his support obligation for Foster. Appellee was not obligated to pay appellant support for Foster.
On July 15, 1998, asserting that there had been a change in circumstances, appellee filed a motion for reallocation of parental rights and responsibilities with respect to Foster, and for child support. On September 9, 1998, appellant filed a motion for retroactive child support from August 24, 1994 — the date that he had been awarded custody of Foster.
The magistrate proposed that appellee be designated as the residential parent of Foster, that appellant be obligated to pay appellee child support, and that appellant's request for retroactive child support be denied. Objections to the magistrate's report were filed, and overruled by the trial court. On April 14, 2000, the trial court granted a change of custody of Foster, designating appellee as Foster's residential parent, and ordered appellant to pay appellee child support.
Appellant timely appeals, asserting one assignment of error.
 II. ASSIGNMENT OF ERROR THE TRIAL COURT ERRED AS A MATTER OF LAW IN HOLDING THAT THE PLAINTIFF/APPELLEE HAD STANDING TO REQUEST AND RECEIVE CHILD SUPPORT ON BEHALF OF THE ADULT CHILD OF THE PARTIES.
 Appellant argues that the court did not have jurisdiction to determine custody of Foster because Foster was eighteen years old at the time appellee filed her motion for reallocation of parental rights, and that appellee did not have standing to bring an action for support of an adult child. This Court agrees that the trial court lacked jurisdiction to determine custody of Foster and to establish the support order.
The magistrate determined that the court had jurisdiction to reallocate parental rights of an eighteen year old, "as long as [the child] remains a full time high school student." Without stating a reason, the magistrate rejected appellant's argument that appellee lacked standing to bring the support action. The trial court granted appellee's request for a change of custody and stated that "as long as Foster resides with [appellee], the court has authority under [R.C. 3109.05(E) to order defendant to pay her support for Foster's benefit. This statute extends the jurisdiction of the court to order support past the age of majority. Swanson v. Swanson (1996), 109 App. 3d 231, 235. [sic]."
R.C. 3109.04(A) grants courts the authority to "allocate the parental rights and responsibilities for the care of the minor
children of [a] marriage." (Emphasis added.) The age of majority in Ohio is eighteen years of age. R.C. 3109.01. "It is well-settled that a court generally lacks subject matter jurisdiction to modify parental rights and responsibilities after a child has been emancipated." State ex rel. Mandich v. Mandich
(Aug. 20, 1997), Medina App. No. 2622-M, unreported, citing Millerv. Miller (1951), 154 Ohio St. 530, paragraph two of the syllabus.
In the present case, Foster was eighteen years of age when appellee filed the motion to reallocate parental rights and responsibilities, and there was no existing support obligation. The trial court did not address the issue of whether it had jurisdiction to reallocate parental rights. Rather, the court ordered a change of custody, and then justified its jurisdiction to award child support. The trial court erroneously relied upon R.C. 3109.05(E) and the Second District's Swanson v. Swanson
(1996), 109 Ohio App.3d 231, in finding that because Foster was still attending high school it had jurisdiction to establish a child support order.
R.C. 3109.05(E) provides that a child support order:
 shall remain in effect beyond the child's eighteenth birthday as long as the child continuously attends [high school] on a fulltime basis * * * or the order provides that the duty of support of the child continues beyond the child's eighteenth birthday. * * * Any parent ordered to pay support under a child support order issued under this section shall continue to pay support under the order, including during seasonal vacation periods, until the order terminates.
 The statute does not grant courts the authority to reallocate parental rights or to establish child support for a child that has reached the age of eighteen. Rather, the statute provides that, if there is a current child support order in place when a child reaches the age of eighteen and the child is continuously attending high school on a fulltime basis, the support order remains in effect until the "child reaches age nineteen[,]" or the support order provides otherwise. R.C. 3109.05(E). The instant case does not present a situation where there was an existing support order when Foster turned eighteen. See Treadway v. Ballew (Oct. 7, 1998), Summit App. No. 18984, unreported (This Court held that a child support order which requires zero support to be paid is an "existing child support order."). The trial court's 1994 entry that reallocated parental rights stated that: "[e]ffective August 1, 1994, the support obligation of the Defendant for the child Foster L. Rose shall cease and terminate and the Support Enforcement Agency shall adjust its records accordingly." The trial court's dependence upon Swanson is faulty because Swanson involved an existing child support order.
R.C. 3109.04 does not provide a court with the authority to allocate parental rights of a child once the child turns eighteen years of age. R.C. 3109.05(E) does not authorize a court toestablish child support for an eighteen-year-old person; the statute provides that an existing order will remain in effect despite the fact that a child turned eighteen, if the eighteen-year-old is attending high school. Accordingly, the trial court was without jurisdiction to make a custody determination of Foster, and lacked jurisdiction to establish the child support order.
 III.
The judgment of the court of common pleas is reversed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
 _________________ DONNA J. CARR
BAIRD, P.J., SLABY, J., CONCUR.