OPINION
{¶ 1} Petitioner-appellant Stephen D. Scott appeals the October 8, 2004 Judgment Entry of the Tuscarawas County Court of Common Pleas denying appellant's motion for contempt against petitioner-appellee Joan L. Scott Chumney.
 {¶ 2} Statement of the facts and case
 {¶ 3} The parties were married on June 16, 1978, and three children were born of the marriage, Stephan M. Scott, d.o.b. B 11/03/78, Lindy L. Scott, d.o.b. 04/05/82, and Kristy E. Scott, d.o.b. 09/19/83. The marriage ended via a Decree of Dissolution filed on December 18, 1986, incorporating the parties' separation agreement.
 {¶ 4} The parties' October 10, 1986 Separation Agreement entitled appellant to claim the minor children as his dependents for tax purposes, conditioned upon his remaining current in his child support obligation.
 {¶ 5} An issue arose when Stephan became emancipated in June, 1997, and Lindy was emancipated in June, 2000. Both parties claimed the two children as dependents on their respective tax return for the years 2001 and 2002.
 {¶ 6} On December 30, 2003, appellant filed a motion with the trial court to find appellee in contempt for claiming the two emancipated children as dependents. On July 15, 2004, via Magistrate's Decision, the magistrate recommended appellee should be entitled to claim the two emancipated children as dependents for the 2001 and 2002 tax years and all the years thereafter, and further recommended no finding of contempt against appellee. Appellant filed written objections to the Magistrate's Decision.
 {¶ 7} On October 8, 2004, via Judgment Entry, the trial court found it lacked jurisdiction on the tax exemption issue relative to the parties' emancipated children, once they reached the age of majority, and denied appellant's motion for contempt.
 {¶ 8} Appellant now appeals, raising the following assignments of error:
 {¶ 9} "I. The trial court erred, as a matter of law, by refusing to acknowledge appellant's right to claim the minor children as his dependents for tax purposes after their emancipation.
 {¶ 10} "II. The trial court erred, as a matter of law, by holding that it did not have jurisdiction over the tax exemption issue for the emancipated children, once they have reached the age of majority."
 II {¶ 11} We will begin by addressing appellant's second assignment of error as we find the issue dispositive of the first assignment of error. Appellant maintains the trial court erred as a matter of law by holding it did not have jurisdiction over the tax exemption issue for the emancipated children, once they reached the age of majority.
 {¶ 12} Under R.C. 3105.65(B), the trial court retains jurisdiction to modify all matters pertaining to the care of the parties' children. Specifically, the Revised Code establishes in relevant part, "The court has full power to enforce its decree and retains jurisdiction to modify all matters pertaining to the allocation of parental rights and responsibilities for the care of the children, to the designation of a residential parent and legal custodian of the children, to child support, to parenting time of parents with the children, and to visitation for persons who are not the children's parents." (Emphasis applied).
 {¶ 13} Pursuant to R.C. 3113.21(B)(10), the allocation of the dependent child tax exemption is treated as an order for the payment of child support. Singer v. Dickinson (1992), 63 Ohio St.3d 408, 414. Therefore, the allocation of exemption is unequivocally an issue pertaining to parental rights and responsibilities.
 {¶ 14} Appellant argues Casey v. Casey (June 1, 1990), Lucas App. No. L 89-189, unreported, applies in this case. In Casey, the Sixth District held:
 {¶ 15} "Appellant in his sole assignment of error claims:
 {¶ 16} "The lower court erred in finding that its jurisdiction to enforce the tax exemption provision lapsed by the child's reaching his majority, thereby denying appellant of his right of enforcement.
 {¶ 17} "R.C. 3105.65(B) provides in part as follows:
 {¶ 18} "`The court has full power to enforce its decree, retains jurisdiction to modify all matters of custody, child support, and visitation' (Emphasis added in original.)
 {¶ 19} "In Grant v. Grant (1977), 60 Ohio App.2d 277 at 282, we stated:
 {¶ 20} "`Even if the court no longer may have jurisdiction of thechild upon his reaching majority, it does not follow that the court loses jurisdiction of the parents. They are the parties over whom the court obtained jurisdiction by reason of the divorce proceedings. It is their agreement that was merged in the court's decree. It is not logical to deprive a court of jurisdiction of either the parties or subject matter because the child has reached the age of majority.' (Emphasis in original.)
* * *
 {¶ 21} "The child's majority does not necessarily deprive the domestic relations court of jurisdiction where the agreement of the parties may remain a valid issue under the federal tax code. The majority of the child in the instant case is not in any manner synonymous with the question of dependency as long as a child may remain a dependent even though the age of majority has been reached." Casey, supra.
 {¶ 22} Citing Casey, appellant argues as long as a child qualifies as a dependent under the federal income tax laws, the trial court has jurisdiction to enforce its order allocating the exemption, even though the child has reached the age of majority. The trial court disagreed and distinguished Casey stating:
 {¶ 23} "In Casey, supra, the plaintiff claimed the eldest child at issue as a dependent on her tax return in the same year that child reached the age of majority, which was in contravention of the parties' separation agreement. The issue for the Court to decide was whether this child was still a "dependent" in the same year the child had reached the age of majority.
 {¶ 24} "In this case, the Court FINDS that the parties' 10/17/86 Separation Agreement is clear as to the parties' agreement that the Defendant "shall have the right to any and all income tax deductions for Federal, State and Local Income Tax purposes for the minor children so long as he remains current in all support."
 {¶ 25} Upon review, we agree with the trial court Casey is factually distinguishable from the case sub judice. However, we find the underlying rationale in Casey applies nonetheless. The issue of who is entitled to the dependency exemption after the children reached the age of minority remains an issue subject to allocation between the parties. Accordingly, we conclude the trial court retains continuing jurisdiction over issues arising between the parties to the divorce relating to the allocation of the exemptions. The court's jurisdiction over the parties and allocation of the dependency exemption for dependent children continues regardless of whether the children have reached the age of majority.
 {¶ 26} Based upon the above, we reverse the decision of the trial court which found it lacked jurisdiction of the issue, and remand this matter for a determination on the merits as to the issue of dependent tax exemption rights for the parties' dependent children.
 {¶ 27} We therefore sustain appellant's second assignment of error. Based upon our disposition of the second assignment of error, this matter is remanded to the trial court, and the first assignment of error is premature.
 {¶ 28} The October 8, 2004 Judgment Entry of the Tuscarawas County Court of Common Pleas is reversed and this matter is remanded for further proceeding in accordance with the law and this opinion.
Hoffman, P.J. Farmer, J. and Wise, J. concur
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, the October 8, 2004 Judgment Entry of the Tuscarawas County Court of Common Pleas is reversed and this matter is remanded to the trial court for further proceedings in accordance with the law and this opinion. Costs assessed to appellee.