[Cite as *State v. Jordan*, 2013-Ohio-3460.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 25525 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2011-CR-1312 |
| v. | : | |
| | : | |
| CURTIS A. JORDAN | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

· · · · · · · · · · ·

O P I N I O N

Rendered on the 9th day of August, 2013.

· · · · · · · · · · ·

MATHIAS H. HECK, JR., by MICHELE D. PHIPPS, Atty. Reg. #0069829, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

CURTIS A. JORDAN, 2061 Catalpa Drive, Dayton, Ohio 45406
    Defendant-Appellant, *pro se*

· · · · · · · · · · · · ·

FAIN, P.J.

{¶ 1}   Defendant-appellant Curtis A. Jordan appeals from an order overruling his petition for post-conviction relief and motion to withdraw his guilty plea.  Jordan contends that

the trial court did not have subject-matter jurisdiction to convict and sentence him for Nonsupport of Dependents, because all of his children were at least eighteen years of age at the time he was convicted.

{¶ 2}    We conclude that the trial court had subject-matter jurisdiction to convict and sentence Jordan for Nonsupport of Dependents.  Accordingly, the judgment of the trial court is Affirmed.

## I. Course of the Proceedings

{¶ 3}    On June 14, 2011, Jordan was indicted on eight counts of Nonsupport of Dependents, felonies of the fifth degree, in violation of R.C. 2919.21(B).  The indictment provided that three of the offenses (counts one, four, and seven) were committed between January 1, 2004 and December 31, 2005; three of the offenses (counts two, five, and eight) were committed between January 1, 2006 to December 31, 2007; and two of the offenses (counts three and six) were committed between January 1, 2008 and July 31, 2008.

{¶ 4}    On August 9, 2011, pursuant to a negotiated plea bargain, Jordan pled guilty to five counts of Nonsupport of Dependents, all felonies of the fifth degree.  Counts three, six, and eight of the indictment were dismissed as part of the plea bargain.  On September 6, 2011, Jordan was sentenced to a total of 24 months in prison and was ordered to pay over $20,000 in restitution to the Ohio Child Support Payment Central.  Jordan did not appeal from his conviction or sentence.

{¶ 5}    In April 2012, Jordan filed a "Motion for Sentence Modification."  The trial court overruled the motion, finding that it had no inherent authority to modify a sentence once

that sentence has been executed. Dkt. 30, p. 2. The trial court also construed Jordan's motion as a petition for post-conviction relief and overruled it as untimely pursuant to R.C. 2953.21(A)(2) and 2953.23(A). Jordan did not appeal from the trial court's order.

{¶ 6} In August 2012, Jordan filed two motions to dismiss, requesting the trial court "to enter its order dismissing any and all child support." Dkt. 34-35. Jordan contended that the trial court lacked subject-matter jurisdiction to order him to pay child support, because the trial court "is without power to provide an emancipated child with support." *Id.* The trial court overruled Jordan's motions to dismiss.

{¶ 7} On October 18, 2012, Jordan filed a "Request for Reconsideration," which the trial court construed as a petition for post-conviction relief and a motion to withdraw his guilty plea. Jordan did not provide any evidentiary material in support. The trial court overruled Jordan's request, finding that Jordan's petition for post-conviction relief was untimely, Jordan had waived any alleged defects in the indictment by not filing a direct appeal, and Jordan had failed to establish the requisite manifest injustice to withdraw his guilty plea. Dkt. 38.

{¶ 8} From this order overruling his Request for Reconsideration, Jordan appeals.

## II. The Trial Court Had Subject Matter Jurisdiction Over Jordan's Crime

{¶ 9} Jordan's sole assignment of error states:

WHETHER THE TRIAL COURT HAD JURISDICTION TO IMPOSE A SENTENCE FOR CHILD SUPPORT OF A CHILD OVER THE AGE OF 18 YEARS OLD.

{¶ 10} Jordan contends that the trial court lacked subject-matter jurisdiction to convict

him of Nonsupport of Dependents, because his children all had reached eighteen years of age at the time of conviction. We do not agree.

{¶ 11} The indictment charged Jordan with Nonsupport of Dependents in violation of R.C. 2919.21(B), which provides "No person shall abandon, or fail to provide support as established by a court order to, another person whom, by court order or decree, the person is legally obligated to support." Jordan contends that a juvenile court, rather than the trial court in this case, has jurisdiction over child-support issues, and therefore the trial court lacked subject-matter jurisdiction to convict Jordan. This is incorrect. "The court of common pleas has original jurisdiction of all crimes and offenses, except in cases of minor offenses the exclusive jurisdiction of which is vested in courts inferior to the court of common pleas." R.C. 2931.03.

{¶ 12} Jordan also contends that no court has subject-matter jurisdiction over him with regard to child support issues once his children reach the age of 18.[1] In support of his position, Jordan cites *Miller v. Miller*, 154 Ohio St. 530, 97 N.E.2d 213 (1951). In *Miller*, a husband and wife with three children filed complaints for divorce in the court of common pleas. The trial court entered a divorce decree awarding the wife custody of the minor children and $350 per month for alimony and support of the minor children, and directing the husband to keep in force insurance policies on his life with the children as the beneficiaries. After all of the children reached twenty-one years of age, the husband petitioned the trial court to modify its previous order to relieve him of his duty to maintain the life insurance policies. The trial court overruled

---

[1] Although Jordan states that all of his children have reached the age of majority, he did not submit any proof of this with his motions before the trial court. Based on our review of the record, we cannot determine how old Jordan's children are. However, for purposes of this appeal, we will assume that all of Jordan's children were at least eighteen years of age at the time of Jordan's conviction.

the husband's request. *Id.*

{¶ 13} On appeal, the Supreme Court agreed with the husband's petition, holding that "[i]n a divorce action, where a child of the parties attains his majority, authority of the court over such child comes to an end, and the trial court is without power to provide for the support of or aid to such child or to continue a provision for his support." *Id.* at paragraph two of the syllabus.

{¶ 14} Contrary to Jordan's contentions, the Supreme Court's holding in *Miller* does not stand for the proposition that a trial court loses subject-matter jurisdiction over a criminal Nonsupport of Dependents proceeding when the children who were the subject of court-ordered child support reach the age of majority. The *Miller* case involved a non-custodial parent's duty to provide additional support after the children had reached the age of eighteen. The case before us involves Jordan's failure to provide court-ordered support while the children were under the age of eighteen. Furthermore, the case before us involves a criminal proceeding, not a divorce proceeding. R.C. 2931.03 makes it clear that the trial court in this case had subject-matter jurisdiction over Jordan's felony offenses.

{¶ 15} Furthermore, in *Smith v. Smith*, 168 Ohio St. 447, 156 N.E.2d 113 (1959), the Supreme Court of Ohio held that "[t]he Court of Common Pleas does not lose jurisdiction to enforce the payment of unpaid and delinquent installments on an installment support order or judgment, upon the attainment of majority by the minor for whose benefit the support order was made." *Id.* at paragraph two of the syllabus. While the *Smith* case did not involve a criminal proceeding, it does provide support for the proposition that the trial court did not lose subject-matter jurisdiction with respect to Jordan's failure to have paid child support while his children were under the age of majority.

{¶ 16} If we were to adopt Jordan's position on the issue of subject-matter jurisdiction, an obligor would escape all of his child-support obligations and all potential criminal liability resulting from his failure to pay his obligations, once the child reached the age of majority. This is not the law. Jordan pled guilty to committing crimes during the periods set forth in the indictment. He cannot escape punishment for his crimes simply because the children who were protected by the very laws he broke several years ago have now reached the age of majority.[2]

{¶ 17} Jordan also contends that the State should have pursued these criminal charges against him at the time he committed the violations rather than wait several years to pursue them. This is essentially a contention that the State failed to indict Jordan within the applicable statute of limitations. Arguably, Jordan has waived the statute of limitations argument by failing to raise it before the trial court pursuant to Crim.R. 12, by pleading guilty, and by failing to file a direct appeal from his conviction and sentence. *State v. Jackson*, 2d Dist. Greene Nos. 2008 CA 30, 2008 CA 31, 2009-Ohio-1773, ¶ 5. We note, however, that at least one Ohio court has held that a statute-of-limitations defense is jurisdictional, cannot be waived, and can be raised at any time. *State v. Tolliver*, 146 Ohio App.3d 186, 192, 765 N.E.2d 894 (8th Dist.2001). We need not address this issue, however, because even if Jordan's statute-of-limitations defense cannot be waived, his argument fails under the facts of his case.

{¶ 18} "Pursuant to R.C. 2901.13(A)(1)(a), the statute of limitations for felony non-support of dependents is six years." *State v. Jones*, 2d Dist. Montgomery Nos. 25315, 25316, 2013-Ohio-1925, ¶ 43. The offense constitutes a continuing course of conduct, which

---

[2] Carrying Jordan's logic to its ultimate, and absurd, conclusion, no one could be convicted of Murder, because the victim of the crime no longer being alive, the common pleas court would lose subject-matter jurisdiction, the law against Murder obviously being intended to protect only living persons.

means that the period of limitation does not begin to run until the course of conduct terminates, or the accused's accountability for it terminates, whichever occurs first. *Id.* at ¶ 43-44; R.C. 2901.13(D).

{¶ 19}   The indictment alleges that Jordan committed the earliest of his offenses between January 1, 2004 and December 31, 2005.   Therefore, Jordan's continuing course of conduct ended on December 21, 2005, at which time the six-year statute of limitations began to run.   Six years from December 21, 2005 is December 21, 2011.   The indictment was filed on June 14, 2011, within the six-year statute of limitations.

{¶ 20}   Jordan's sole assignment of error is overruled.

{¶ 21}   Since Jordan filed his initial appellate brief, he has made a number of other filings with this Court.   Based on our resolution of Jordan's sole assignment of error, all of his requests in these filings are overruled as moot.

### III. Conclusion

{¶ 22}   Jordan's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . .

FROELICH and WELBAUM, JJ., concur.

Copies mailed to:

Mathias H. Heck
Michele D. Phipps
Curtis A. Jordan
Hon. Mary K. Huffman