BUGAY, APPELLANT, *v.* BUGAY, APPELLEE.

[Cite as Bugay v. Bugay (1977), 53 Ohio App. 2d 285.]

(No. 8439—Decided June 15, 1977.)

*Mr. Howard L. Calhoun* and *Mr. Robert C. Hunt,* for appellant.

*Mr. Joseph G. Miller,* for appellee.

BELL, J. In August of 1974, plaintiff filed an action against the defendant in the Domestic Relations Division of the Court of Common Pleas of Summit County. On January 15, 1975, she was awarded a divorce. The final judgment order reads in part:

"The Court further finds that the parties have entered into a written separation agreement and that the terms and conditions thereof are fair and reasonable. The Court accordingly hereby [approves same] and makes the same the orders of the Court as though rewritten herein at length. * * *"

Two separate paragraphs of the separation agreement speak of both support and education of the minor children. We shall allude to these paragraphs at a later point herein.

In September 1976, plaintiff complained that defendant had failed to comply with the terms of the agreement, now the order of the court, in several respects. One such alleged failure was the defendant's nonpayment of college tuition for the daughter of the parties. After a hearing was held on charges of contempt, the court referee found in favor of plaintiff, found defendant in contempt and ordered the payment of tuition as well as the reimbursement to the plaintiff of funds advanced by her for the same purpose. On an appeal to the trial court, the referee's finding was overruled. The trial court's judgment is now on appeal before us.

Plaintiff contends that the trial court erred in its ruling and sets forth one assignment of error comprised of a number of parts. To paraphrase these, plaintiff claims that the trial court was mistaken in finding that defendant (1) had no obligation to pay for the daughter's college education; (2) had no duty to reimburse plaintiff for monies she had already expended to date for that use; and (3) defendant was not guilty of contempt.

In answer to the plaintiff's claims, the defendant advances a basic proposition of law: that courts in this state have no power to enforce decrees providing for the support of children beyond the age of majority. It is well here

to note that prior to the filing of the instant litigation, the legislature enacted R. C. 3109.01, reducing the age of majority from 21 to 18, effective January 1, 1974.

In reviewing various decisions applicable to our present question, we note the most recent case of *Nokes* v. *Nokes* (1976), 47 Ohio St. 2d 1, cites with approval the minority opinion of Justice Zimmerman in *Robrock* v. *Robrock* (1958), 167 Ohio St. 479, 490. As both the majority and minority in *Robrock* agree, no legal liability could be emplaced at that time upon the father for support of a child over 21. The minority also opined, at page 491, that since the "parties can not by agreement clothe the court with jurisdiction it does not possess," the court had no authority to adopt as an enforceable order of the court any agreement by which the father would be obligated to pay for college expenses after the age of majority.

*Robrock, supra,* was rendered in 1958. A review of the statutes then in effect results in a finding that there was no statute similar in content to the present R. C. 3105.10 which reads in part:

"(B) A separation agreement providing for the support of children eighteen years of age *or older* is enforceable by the court of common pleas. * * * [A]ll cases brought for enforcement of a separation agreement providing for the support of children eighteen years of age *or older* shall be assigned to the judges of * * * [the division of domestic relations if one exists in the county.]" (Emphasis added.)

We believe and hold that the enactment of R. C. 3105.10 evinces an intent on the part of the legislature to "clothe the court with jurisdiction" to incorporate into a court order an agreement to support a child beyond the age of majority.

In so ruling, we have examined the more recent cases of *Nokes* v. *Nokes, supra,* and *Rosenfeld* v. *Rosenfeld* (1976), 47 Ohio St. 2d 12, both of which may be differentiated factually from the instant case. *Rosenfeld* and its companion cases (involved in the same appellate decision —*Pappas* v. *Pappas* and *Kacik* v. *Kacik*) all involve pre-

1974 divorce decrees which incorporate separation agreements. The question of the retroactivity of the statute is determinative in those cases based on the ruling in *Nokes*.

In our case, the contestant parties entered into an agreement providing that the husband support his minor child or children beyond the age of majority. Both litigants recognized that such a covenant may continue beyond that period of time.

We hold that under these circumstances, where the court accepts such an agreement as being fair and reasonable and incorporates such into its final decree, that court may, within the provisions of R. C. 3105.10, require the husband to support the child or children beyond the age of majority. Because of its constitutional and statutory authority, the court can enforce such an order by means of the power of contempt. In this regard, we note that a separation agreement loses its contractual nature at the time it is accepted and incorporated by the court into the final divorce decree. The obligations imposed under the agreement are thereafter imposed by the decree and may be enforced as indicated above. *Wolfe* v. *Wolfe* (1976), 46 Ohio St. 2d 399; *Robrock* v. *Robrock, supra.*

We reverse the judgment and, since other issues are involved, we remand this matter for further proceedings in accordance with this decision and journal entry.

*Judgment reversed and cause remanded.*

MAHONEY, P. J. and HUNSICKER, J. concur.

HUNSICKER, J., retired, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.