MAPHET, APPELLEE, *v.* HEISELMAN, APPELLANT.

(No. CA83-07-056—Decided January 23, 1984.)

Mr. *John D. Erhardt,* for appellee.
Mr. *G. Ernie Ramos, Jr.,* and Mr. *Charles E. Hamilton,* for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Clermont County.

On June 20, 1978, plaintiff-appellee, Carol Mae Heiselman (Maphet), and defendant-appellant, Leonard Heiselman, Jr., were granted a divorce in the Court of Common Pleas of Clermont County, Ohio.

Of the Heiselmans' three children, only Douglas James Heiselman, born May 12, 1964, and then fourteen years of age, remained dependent upon his parents for support. Custody of Douglas was awarded to his mother, appellee herein, and appellant was ordered to pay $50 per week for support of the child "until further order of this court." The divorce decree provided that appellant's support obligation was "to be reviewed when said child attains age 18 for a determination as to the responsibilities of the plaintiff and defendant for continuing support contributions for said child thereafter."

Testimony given by both parties as part of the instant litigation reveals that they agreed to a review of their support obligations toward Douglas on or about his eighteenth birthday because Douglas suffers from hemophilia, a congenital defect of the blood clotting system. Although hemophelia cannot be cured, it can be treated by intravenous infusion of the missing clotting protein. Such treatment is usually performed by the patient himself, but severe bleeds require hospitalization. For Douglas the disease causes chronic internal bleeding episodes, particularly in and around his joints. He has been hospitalized in recent years for severe bleeds in his left knee and left hip. Despite his hemophilia, Douglas is capable of a moderate amount of physical activity. His condition has been described by his treating physician as "moderately severe."

Douglas became eighteen years of age on May 12, 1982, and graduated from high school the following month. In the fall of 1982, Douglas matriculated to Xavier University in Cincinnati, Ohio, and commenced study toward a degree in communications.

Appellant, Leonard Heiselman, Jr., timely made his court-ordered payments for Douglas' support until May 21, 1982. On May 25, 1982, appellant filed a motion to terminate his child support obligation with the trial court, asserting that as the child had reached his eighteenth birthday and received his high school diploma, the child was emancipated and no longer entitled to support payments. The trial court, in a judgment entered July 14, 1983, denied appellant's motion and ordered him to continue child support payments, the responsibilities of the parties pertaining to support to be again reviewed no later than June 1, 1986. Appellant was further ordered to pay a $3,000 arrearage existing as a result of his termination of support payments on May 21, 1982.

Leonard Heiselman, Jr., excepts from the decision of the trial court, and has timely filed the instant appeal raising four assignments of error. His first assignment of error reads as follows:

"The trial court erred to the substantial prejudice of the defendant-appellant in finding that the court had continuing jurisdiction regarding support of a child over the age of minority."

R.C. 3103.03 confers upon every husband the duty to support his wife and his minor children. The husband's duty to support his minor children extends past such children's attainment of age eighteen, which is the age of majority in Ohio per R.C. 3109.01, if the children are full-time students at an accredited high school. R.C. 3103.03. In the event the parents of a minor child are divorced, the tribunal granting the divorce, per R.C. 3105.21(A), is required to "make an order for disposition, care, and maintenance of the children of the marriage, as is in their best interests * * *." As a general rule, the court is without jurisdiction to order parents to support children who have attained the age of majority and are not attending an accredited high school on a full-time basis. See R.C. 3103.03; Civ. R. 75(M); *Miller* v. *Miller* (1951), 154 Ohio St. 530 [43 O.O. 496]; and *Thiessen* v. *Moore* (1922), 105 Ohio St. 401.

A well-established exception to the rule occurs when the parties have reached a separation agreement which provides

for child support beyond the age of majority, and such agreement is incorporated in the divorce decree. See *Nokes* v. *Nokes* (1976), 47 Ohio St. 2d 1 [1 O.O.3d 1]; *Rosenfeld* v. *Rosenfeld* (1976), 47 Ohio St. 2d 12 [1 O.O.3d 8]; *Grant* v. *Grant* (1977), 60 Ohio App. 2d 277 [14 O.O.3d 249]; and *Bugay* v. *Bugay* (1977), 53 Ohio App. 2d 285 [7 O.O.3d 336]. One of the most popular reasons for separation agreements providing for the support of adult children is, not surprisingly, to furnish funds for the college education of such children. *Nokes, supra, Grant, supra,* and *Bugay, supra,* each involve agreements to pay support during college.

Turning to the case at bar, we find that there was no separation agreement between the parties providing for support for Douglas once he achieved the age of majority, either for the purpose of his attending college, or due to his hemophilic condition. The parties were merely subject to a divorce decree in which the court purported to retain jurisdiction over the support of the child past his eighteenth birthday. However, it is clearly the law of Ohio that once a child of parties to a divorce proceeding reaches the age of majority, the court that granted the divorce is without power to provide for the support of such child. See *Miller, supra,* and *Thiessen, supra.*

It is of no moment that the parties arguably agreed, via the decree of divorce, to submit to the trial court's jurisdiction regarding their support obligations to Douglas after he reached the age of majority. The Ohio Supreme Court, in *Miller, supra,* at 538, has succinctly stated that "[p]arties cannot by agreement clothe the court with jurisdiction of subject matter which it does not have."

Therefore, we find appellant's first assignment of error to be well-taken.

Appellant's second and third assignments of error are as follows:

Second Assignment of Error

"The court erred in finding that the parties had any agreement, contract or 'consent' wherein the father became liable to pay child support beyond the child's age of majority."

Third Assignment of Error

"The trial court erred in finding that the parties consented to the domestic relations court's continuing jurisdiction to order support beyond the child's age of majority or that such 'consent' could extend, grant or add to the domestic relations court's lawful jurisdiction."

We have addressed the issues above in response to appellant's first assignment of error, and for the reasons stated therein, find appellant's second and third assignments of error also to be well-taken.

Appellant asserts the following proposition as his fourth assignment of error:

"The court has no authority to grant an order requiring a divorced husband to support an adult child who is unable to support himself because of physical or mental infirmity."

In support of this assignment of error, appellant states that Douglas has his hemophilic condition under control to such an extent that he cannot be said to be suffering from a physical infirmity severe enough to warrant court-ordered support beyond his attainment of the age of majority. The record before us indicates that Douglas has engaged, albeit to a moderate degree, in various activities considered normal for a young man of his age. He has held several part-time jobs, and participated in hiking, target shooting, and horseback riding. As a result, we find that he is not disabled to the extent that he is completely dependent upon anyone. Thus, the case *sub judice* can be distinguished from *Mullanney* v. *Mullanney* (Jan. 4, 1984), Hamilton App. No. C-820944, unreported.

Excluding *Mullanney, supra,* it is unnecessary to inquire into the severity of

Douglas' condition because there is simply no authority in the state of Ohio upon which a court seeking to compel a divorced husband to continue to provide support for his disabled child past the age of majority could rely. While appellant may arguably have a moral duty to provide partial support for Douglas as he continues his education and deals with his hemophilia, he is not under any legal duty to do so. The problem, if any, is therefore one which can only be solved by the General Assembly. Were we to hold otherwise, we would open the door to other problems which we could not solve without legislation. For example, if a parent were to be required to support a handicapped child, would such a requirement impose a charge upon the estate of a deceased parent of such a child? Also, what constitutes disability? Does it mean permanent and total disability, or does it also include partial disability?

Accordingly, we find appellant's fourth assignment of error to be well-taken, and hereby sustain the same.

The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment herein appealed from be, and the same hereby is, reversed and this cause is remanded for further proceedings according to law and not inconsistent with this decision.

*Judgment reversed and cause remanded.*

HENDRICKSON, P.J., KOEHLER and JONES, JJ., concur.