**GLEASON, Appellant,**

**v.**

**GLEASON, Appellee.**

[Cite as *Gleason v. Gleason* (1998), 129 Ohio App.3d 563.]

Court of Appeals of Ohio,
Fourth District, Ross County.

No. 97CA2384.

Decided Aug. 27, 1998.

*Katherine Hine,* for appellant.

*Mary Bone Kunze,* for appellee.

KLINE, Judge.

Cheryl L. Gleason appeals the judgment of the Ross County Court of Common Pleas awarding David L. Gleason child support. Cheryl asserts that the trial court erred in awarding child support to David for their adult child who had not continuously attended school. We agree, because the trial court lacked jurisdiction to modify the order. Accordingly, we reverse the judgment of the trial court and remand this cause to the trial court for further proceedings consistent with this opinion.

I

Cheryl and David dissolved their marriage in September 1982. Pursuant to their separation agreement, David received custody of their first child, Heather, and Cheryl received custody of their second child, Amanda Jo. Because David and Cheryl earned essentially the same salary, they agreed that they would neither pay nor receive child support.

In July 1997, six months after Heather reached the age of majority, Cheryl filed for a modification in child support for Amanda. In her request, Cheryl argued that a substantial change in circumstances occurred when Heather reached the age of majority and no longer attended school full-time. David replied to Cheryl's request, asserting that he and Cheryl had not emancipated Heather. Additionally, David asserted that any change in circumstances stemmed from Cheryl's salary increase, and requested the court to increase the amount of Cheryl's duty of support for Heather.

At the hearing, the testimony showed that Heather became pregnant during her sophomore year at Huntington High School. Heather continued to attend school and enrolled in school for the following 1996–1997 school year, but received tutoring at home instead of attending classes. Heather turned eighteen on December 1, 1996, and withdrew from high school the same day. She did not receive any academic credit for her junior year. The following August, Heather enrolled in the Pickaway–Ross Vocational School through Huntington High School as a junior.

The trial court denied Cheryl's request for a modification of support for Amanda. The trial court found that at the time of the hearing, Heather was continuously attending high school and ordered Cheryl to pay David $6.96 per week, or $30.19 per month in support of Heather. Cheryl appeals the trial court's judgment, asserting the following assignments of error:

"I. The trial court erred in permitting appellee to evade his child support responsibilities for the minor child in appellant's custody by acting outside its jurisdiction in ordering child support for the parties' adult child, although at the time of the filing of the appellant's support motion, the adult child had discontinued attending school for a period of some 8 months and appellee had never requested child support for the adult child.

"II. The trial court erred in ordering appellant to pay child support on behalf of an adult child who had discontinued attending school for a period of some 8½ months without allowing appellant any credit whatever for the child support appellee should in equity have paid [during] the 8½ month period that the adult child had quit school."

## II

In her first assignment of error, Cheryl contends that the trial court erred by ordering her to pay support for Heather. Cheryl argues that the trial court lacked subject matter jurisdiction to modify or order her to pay support because Heather did not continuously attend high school as required by R.C. 3109.05(E).

David argues that the previous child support agreement conferred continuing jurisdiction on the trial court to modify the support for Heather.

A trial court enjoys broad discretion in awarding and in allocating parental custody rights. *Miller v. Miller* (1988), 37 Ohio St.3d 71, 73–74, 523 N.E.2d 846, 848–849. Absent an abuse of that discretion, we will not disturb a trial court's custody determination. *Bechtol v. Bechtol* (1990), 49 Ohio St.3d 21, 23, 550 N.E.2d 178, 180. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *In re Jane Doe I* (1991), 57 Ohio St.3d 135, 137, 566 N.E.2d 1181, 1183–1184.

When determining the parental rights and responsibilities, the trial court must act in the best interests of the child, taking into account all relevant factors. R.C. 3109.04(B)(1); R.C. 3109.04(F)(1). Once the trial court orders child support, it has full power to enforce its decree and retains jurisdiction to modify the order until the child reaches eighteen, the age of majority, unless the "child continuously attends on a full-time basis any recognized and accredited high school." R.C. 3109.05(E); *Maphet v. Heiselman* (1984), 13 Ohio App.3d 278, 279, 13 OBR 343, 344, 469 N.E.2d 92, 93–94. See R.C. 3105.65; R.C. 3109.01. Thus, if the child does not continuously attend high school on a full-time basis after turning eighteen, the duty to provide child support ends and the trial court loses subject matter jurisdiction. *Maphet v. Heiselman*, 13 Ohio App.3d at 280, 13 OBR at 345, 469 N.E.2d at 94–95. Any orders issued from a court lacking jurisdiction are void *ab initio*. *Rondy v. Rondy* (1983), 13 Ohio App.3d 19, 22, 13 OBR 20, 23–24, 468 N.E.2d 81, 84–85, citing *In re Four Seasons Securities Laws Litigation* (C.A.10, 1974), 502 F.2d 834, 842.

Heather turned eighteen on December 1, 1996, and withdrew from high school the same day. Heather's withdrawal from high school ended the child support order and divested the trial court of jurisdiction to order Cheryl to pay child support or modify the child support agreement. Heather's enrollment in the Pickaway–Ross Joint Vocational School did not resurrect the terminated order. The plain language of the statute clearly states that support continues after the child turns eighteen only if she *continuously* attends high school. R.C. 3109.05(E). Heather failed to attend school from her eighteenth birthday until August 1997. The trial court erred as a matter of law by ordering a modification of the child support agreement because Cheryl's duty to support Heather ended on December 1, 1996. Thereafter, the trial court lacked subject matter jurisdiction to order Cheryl to pay child support for Heather. Therefore, the trial court

abused its discretion in ordering a modification of the child support agreement as it pertained to Heather.

Accordingly, we sustain Cheryl's first assignment of error.

## III

In her second assignment of error, Cheryl argues that the trial court abused its discretion by failing to credit her child support payments for the time that Heather was not attending high school. As we have already determined that the trial court lacked jurisdiction to order the modification, we find this assignment of error moot. See App.R. 12(A)(1)(c).

## IV

In conclusion, we find that the trial court abused its discretion in modifying the child support order pertaining to Heather because the trial court lost subject matter jurisdiction when Heather reached the age of majority and withdrew from high school. We also find Cheryl's second assignment of error moot.

Accordingly, we reverse the decision of the trial court and remand this cause to the trial court for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

PETER B. ABELE, J., concurs in judgment only.

HARSHA, J., concurs separately.

HARSHA, Judge, concurring.

I believe this appeal presents us with a matter of statutory construction which we review on a *de novo* basis. At issue is the meaning of the phrase "continuously attends * * high school."

The critical question before us is *not* whether Heather's unequivocal withdrawal from school on December 1, 1996, her eighteenth birthday, terminated her mother's support obligation as a matter of law. Clearly, by the terms of R.C. 3103.03(B) and 3109.05(E), it did. Rather, the critical issue is whether her reenrollment the following fall revived her mother's obligation to provide for Heather's support. Certainly, a child who reaches eighteen, quits high school, and does not seek to return until reaching the age of twenty would not be entitled to a parent's support notwithstanding the fact that she is subsequently re-enrolled as a full-time high school student. Put another way, the word "continuously" connotes without interruption, see Black's Law Dictionary (6 Ed.1990) 322,

as opposed to being presently enrolled. Accordingly, I concur in the judgment of reversal.