OPINION
Appellant, Judith F. Quinn, appeals from a decision of the Geauga County Court of Common Pleas in a domestic relations case involving issues of child support. The following facts are relevant to a determination of this appeal.
Appellant was divorced from appellee, John D. Quinn, in 1987. Appellant was awarded sole custody of the parties' only child, James R. Quinn, d.o.b. April 11, 1979. Appellee was ordered to pay child support in the amount of $540 per month. The order further provided:
 "In the event that James reaches the age of eighteen (18) years prior to graduating from high school, and in the event that he is enrolled in high school on a full-time basis, Husband's obligation shall continue until James graduates from high school."
It is apparent that James was a bright child who attended University School, a private school located in the eastern suburbs of Cleveland. However, midway through his freshman year of high school, James and/or appellant decided that University School was not the proper place for him to optimize his talents and he withdrew from that institution. This occurred early in 1994. At that time, appellant began homeschooling James. The homeschooling continued through the 1994-1995 and 1995-1996 school years, which were his sophomore and junior years.
However, in what should have been James' senior year of high school, appellant needed help completing her doctoral thesis and in securing employment. She turned to James who, instead of homeschooling for the year, took the year off to help his mother further her professional career. This included typing his mother's thesis, writing letters and making telephone calls on behalf of his mother in an attempt to secure her interviews with prospective employers, scheduling her interviews and appointments, and traveling approximately 30,000 miles with appellant to her various interviews where he would wait in the car or in the hotel room.
Accordingly, when James turned eighteen years of age in April 1997, he was not attending school or being homeschooled. Thus, he did not finish his high school education in June 1997, as he would have if he had stayed on schedule and not skipped his senior year.
Hence, on November 25, 1997, appellee filed a motion in the trial court to terminate child support effective June 1997, based upon the fact that James had turned eighteen and should have graduated from school in June 1997. Appellee maintained that he no longer had a legal obligation to provide child support. In response, on February 18, 1998, appellant filed a motion to increase child support, in addition to three other motions not relevant to the present appeal. Appellant sought an increase in the amount of child support due to an increase in appellee's income, and she also sought a continuation of child support until August 1, 1998, at which time she anticipated that James would graduate from high school. A hearing was held by a magistrate on all of the preceding motions on May 4, 1998.
On May 13, 1998, the magistrate issued his report denying appellant's motion to increase child support, and granting appellee's motion to terminate child support effective June 1, 1997. Appellant timely filed objections to the magistrate's report, which were overruled by the trial court on September 3, 1998. From that decision, appellant timely filed a notice of appeal and has now set forth the following assignments of error:
 "1. The trial court erred to the prejudice of plaintiff-appellant and abused its discretion when it granted defendant-appellee's motion to terminate child support effective June 1, 1997.
 "2. The trial court erred to the prejudice of plaintiff-appellant and abused its discretion when it determined that there was an overpayment of child support, to which defendant-appellee was entitled to reimbursement.
 "3. The trial court erred to the prejudice of plaintiff-appellant and abused its discretion when it denied parts 1 and 2 of her motion, to-wit: the motion for increase in child support and the motion regarding the tax exemptions.
 "4. The trial court erred to the prejudice of plaintiff-appellant and abused its discretion when it awarded defendant-appellee attorneys fees and costs."
In her first assignment of error, appellant contends that the trial court abused its discretion when it granted appellee's motion to terminate child support effective June 1, 1997.
While the general rule is that the duty to support one's child terminates when the child reaches the age of majority, which is eighteen, that duty is extended as long as that child continuously attends, on a full-time basis, any recognized and accredited high school. R.C. 3103.03; R.C. 3109.05(E). The parents, however, can provide for a longer period of support by so stating in an agreement. Maphet v. Heiselman (1984), 13 Ohio App.3d 278,279-280.
In the case sub judice, the relevant portion of the child support order specifically stated that appellee would provide support for James until he completed high school if at the time James turned eighteen years of age, he was currently enrolled in high school on a full-time basis. Clearly, James was neither in high school, nor being homeschooled, when he turned eighteen in April 1997. Instead, he was taking a year off from his studies to assist appellant in her career. However noble or unselfish that may have been for James, under the parties' support agreement, appellee no longer had a legal duty to support his son. It matters not that assisting his mother may have been a good life experience for James, or that it may have eventually made it more possible for him to have attended college due to appellant's increased income. The bottom line is that appellee's duty to support James ended on James' eighteenth birthday.
Additionally, while appellant has not raised the issue, the fact that the trial court terminated appellee's child support obligation effective almost six months prior to the filing of his motion is proper under the circumstances of this case. Appellee's duty to support actually ended in April 1997 on James' eighteenth birthday. At that point, appellee should have been informed by appellant that his obligation had ceased. It would be unfair to make appellee liable for subsequent payments he made because appellant failed to meet her responsibility of informing appellee that his duty had ended.
Based upon the foregoing analysis, the trial court did not err in granting appellee's motion to terminate child support effective June 1, 1997. Appellant's first assignment of error is without merit.
In the second assignment of error, appellant asserts that the trial court erred by determining that there was an overpayment of child support, to which appellee was entitled to reimbursement. In the third assignment of error, appellant claims that the trial court erred when it denied parts one and two of her motion for increase in child support and motion regarding tax exemptions. While these two assignments of error were properly set forth by appellant, neither assigned error was argued by appellant within the body of her brief. Thus, appellant violated App.R. 16(A)(7) and Loc. App.R. 12(C)(4) of the Eleventh District Court of Appeals. Accordingly, since appellant has failed to set forth any arguments to support these claimed errors, we will not address them.
Finally, in her fourth assignment of error, appellant maintains that the trial court abused its discretion by awarding appellee attorney fees and costs. Specifically, appellant argues that she is unable to pay attorney fees while appellee can easily afford his own attorney fees.
The decision of a trial court to award attorney fees in a domestic relations case "should not be interfered with absent a clear showing of abuse or prejudice by the trial court." Birathv. Birath (1988), 53 Ohio App.3d 31, 39; Rand v. Rand (1985),18 Ohio St.3d 356, 359. Authority for the court to award attorney fees is found in R.C. 3105.18(H). In the present case, appellee presented evidence that he had incurred $1,558 in attorney fees which the trial court found to be reasonable. The trial court then concluded that appellant should only have to pay $900 of those fees. Additionally, the trial court held that appellant did not have to pay those fees until she obtained full-time employment. While the trial court did not specifically give its reasoning for awarding fees in this case, it could be inferred that appellant was responsible, at least in part, for forcing appellee to file his motion due to her failure to notify him of their child's educational status.
Under the circumstances of this case, we must conclude that the trial court's decision to award appellee $900 in attorney fees was neither arbitrary, unreasonable, nor unconscionable. Thus, the trial court did not abuse its discretion in this regard.
With respect to the awarding of costs of this action, appellant has once again failed to make any argument in the body of her brief regarding this issue. Hence, we will not address it. Appellant's fourth assignment of error is without merit.
The judgment of the trial court is hereby affirmed.
FORD, P.J., CHRISTLEY, J., concur.