JOURNAL ENTRY and OPINION
This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.
Appellant Kathryn M. Obracay appeals from the trial court's decision dismissing her motions to modify, clarify, and enforce order of child support, and appellee Dale A. Obracay's motion for attorney's fees, and motion for judgment on the pleadings or, in the alternative, motion inlimine to limit scope of proceedings. For the reasons below, we affirm in part, and reverse and remand in part.
On August 19, 1986, the parties were divorced in Clark County, Ohio. On March 5, 1993, the parties reached an agreement regarding the custody arrangement for their two minor children, Michael (DOB: 2/19/80) and Kelly (DOB: 8/17/78). Pursuant to the agreement which the domestic relations court adopted, Michael was to live with his mother and Kelly was to live with her father. The agreement stated in pertinent part "that due to split parental rights and responsibilities of the minor children * * * neither party shall pay child support to the other."
In January 1996, Kelly, who was residing in Florida with her father, decided that she would like to move to the Cleveland area to live with her mother. On January 5, 1996, the parties entered into an out-of-court agreement whereby appellee agreed to pay appellant $75 per week, per child, as support for the children. Payments were to be made until each child reached eighteen years of age or graduated from high school. According to appellant, appellee made ten of the payments required by the January 5, 1996 agreement.
On April 13, 1998, appellant filed an application for order of support, for Michael only, in Clark County Domestic Relations Court.
On June 29, 1998, appellant withdrew her motion for support; nonetheless, on July 8, 1998, the Clark County court ordered appellee to pay the child support arrearage, if any, in increments of $100 per month plus processing fees. In addition, the court determined that the effective date of Michael's emancipation was June 28, 1998, and that child support obligations were terminated as of that date.
On March 18, 1999, appellant filed a motion to transfer the matter from Clark County Domestic Relations Court to the Cuyahoga County Domestic Relations Court. On December 21, 1999, the Cuyahoga County Domestic Relations Court, granted appellant's petition to register and adopt a foreign decree. On April 26, 2000, appellant filed a motion to modify, clarify and enforce an order of child support, seeking to modify the original divorce decree by incorporating the terms of the January 1996 agreement.
Specifically, the motion requested that the court clarify the July 7, 1998 Clark County order by finding that a child support arrearage exists, and that the court use the terms of the January 1996 agreement to determine the amount due and owing for support of Michael. The motion further requested that the order be modified to include child support for Kelly as set forth in the January 1996 agreement.
On June 30, 2000, appellee filed a motion for attorney's fees pursuant to Rule 11 of the Ohio Rules of Civil Procedure. On the same date, appellee filed a motion for judgment on the pleadings or, in the alternative, motion in limine, to limit scope of proceedings. In said motion, appellee argued that the matter should be dismissed or, in the alternative, limited to the issue of the amount of support owed for Michael.
On February 6, 2001, the magistrate found that it did not have subject matter jurisdiction to enforce the terms of the parties' out-of-court agreement. The magistrate further found that "this is an action sounding in contract law, and that it more appropriately should have been brought as a contract action in the general division." As such, the Cuyahoga County Domestic Relations Court dismissed appellant's motion to modify, clarify and enforce the order of child support, and appellee's motion for attorney's fees and motion for judgment on the pleadings.
Appellant appeals and raises the following assignment of error:
 I. THE DOMESTIC RELATIONS DIVISION OF THE CUYAHOGA COUNTY COURT OF COMMON PLEAS ERRED IN ADOPTING THE MAGISTRATE'S DECISION DISMISSING PLAINTIFF'S MOTIONS TO MODIFY, CLARIFY AND ENFORCE ORDER OF CHILD SUPPORT #5510, TO MODIFY #57179, FOR JUDGMENT #59161 AND FOR ATTORNEY FEES #59170 FOR LACK OF SUBJECT MATTER JURISDICTION.
Although appellant's assignment of error addresses all of the motions dismissed by the Cuyahoga County Domestic Relations Court, her argument only addresses the court's order dismissing her motion to modify, clarify and enforce the order of child support. Accordingly, we will limit our review to the decision on that motion.
Appellant's motion requested that the court enforce the July 8, 1998 Clark County order which required appellee to pay the amount of child support in arrears for Michael, and that the court modify the July 1998 order to include the terms of the parties' January 5, 1996 agreement, which set forth specific amounts of child support payments and also required appellee to make payments in support of Kelly.
 JURISDICTION ISSUES REGARDING CHILD SUPPORT FOR KELLY
As we stated in In Re: Corsi (May 19, 1994), Cuyahoga App. No. 66157, unreported:
 It has been repeatedly held that a court is without jurisdiction to order a parent to support children who have attained the age of majority and are not attending an accredited high school on a full time basis. Rohrbacher v. Rohrbacher (1992), 83 Ohio App.3d 569, 575, 615 N.E.2d 338; Maphet v. Heiselman (1984), 13 Ohio App.3d 278, 279, 469 N.E.2d 92; Miller v. Miller (1951), 154 Ohio St. 530, 97 N.E.2d 213; Thiessen v. Moore
(1922), 105 Ohio St. 401, 421, 137 N.E. 906.
Furthermore, once the child attains the age of majority as set forth in R.C. 3109.01, the court is without the jurisdiction to modify a decree's provisions regarding financial support of a child, without the consent of the child, who is the third-party beneficiary of the agreement. See Ipsonv. Ipson (Oct. 29, 1998), Cuyahoga App. No. 73510, unreported; Rohrbacherv. Rohrbacher (1992), 83 Ohio App.3d 569, 615 N.E.2d 338; Wolifinger v.Ocke (1991), 72 Ohio App.3d 193, 198, 594 N.E.2d 139.
At issue is the March 1993 agreed journal entry which did not require either party to pay child support. The trial court was without jurisdiction to modify that entry because Kelly reached the age of majority on August 17, 1996, and appellant did not file her motion to modify, clarify and enforce the order of child support until April 2000.
Thus, the trial court did not err in finding that it was without jurisdiction to order appellee to pay child support for Kelly, who had clearly reached the age of majority by the time appellant filed her motion. Accordingly, with respect to Kelly, the decision of the trial court is affirmed.
 JURISDICTION ISSUES REGARDING CHILD SUPPORT FOR MICHAEL
During a child's minority, a domestic relations court has the jurisdiction to alter the provisions of its decree upon proper motion of, or by consent of, the parties. Rohrbacher v. Rohrbacher (1992),83 Ohio App.3d 569, 615 N.E.2d 338; Ipson v. Ipson (Oct. 29, 1998), Cuyahoga App. No. 73510, unreported.
After a child reaches the age of majority, the court retains jurisdiction to enforce those provisions through its continuing jurisdiction over the parties to the separation agreement. SeeRohrbacher, supra; see, also, R.C. 3121.35, R.C. 3121.36 (the court with authority to order child support retains jurisdiction to enforce that order, and collect arrearage owed, notwithstanding termination of the order.)
Before Michael reached the age of majority, appellant filed her request for child support with the Clark County Domestic Relations Court. Thus, the Clark County court had jurisdiction to alter the terms of the parties' March 1993 agreement which required neither party to pay child support. In its July 8, 1998 decision, it found that appellee was required to pay any amount of child support in arrears. Although the order did not set forth the specific amount that was due, it did set forth the method of repayment.
The Cuyahoga County Domestic Relations Court adopted the Clark County decree and its modifications. Thus, it had jurisdiction to enforce the order as requested in appellant's motion. We, therefore, reverse the decision of the trial court regarding the amounts due and owing as child support for Michael, and remand this matter to the court below to determine if an arrearage exists, the amount due, and to enforce the order accordingly.
This cause is affirmed in part and reversed in part. Case remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant and said appellee share the costs herein.
It is ordered that a special mandate be sent to the Domestic Relations Division of the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., and ANNE L. KILBANE, J., CONCUR.