OPINION
{¶ 1} The following appeal arises from Geauga County Court of Common Pleas, Domestic Division, wherein appellant, Judith L. Ronyak, now Bogert, appeals a judgment finding her in contempt of court and ordering her to pay for books as well as room and board expenses associated with her daughter's college education in accordance with the terms of an agreed judgment entry.
 {¶ 2} Appellee, William C. Ronyak, and appellant were married in April 1975. There were three children born of the marriage. On May 18, 1994, appellant and appellee entered into an agreed judgment entry of divorce. The agreed judgment entry contained the following provision:
 {¶ 3} "IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that in the event any of the parties' children shall attend on a full time basis an accredited college or university matriculating to obtain an undergraduate degree prior to attaining the age of twenty-three (23), the defendant shall pay toward tuition, an amount equal to the tuition at Ohio State college or university and the plaintiff shall pay an amount equal to the room, board and books at any Ohio State college or university for each such child."
 {¶ 4} On September 4, 1998, appellee filed a motion for an order requiring appellant to show cause why she should not be held in contempt of court for failing to comply with the terms of the agreed judgment entry regarding payment of college expenses in the form of room, board, and books for their daughter, Kristi. Appellee also sought attorney fees. On November 9, 1998, appellant filed a motion to terminate her obligation to pay room, board, and book expenses for Kristi. A hearing was held in front of a magistrate on January 19, 1999. The magistrate determined that appellant was obligated to pay for Kristi's room, board, and books, pursuant to the agreed judgment entry, as well as appellee's attorney fees.
 {¶ 5} Appellant filed an objection to the magistrate's decision. The trial court adopted the magistrate's findings in a judgment entry dated August 21, 2001, and appellant filed this timely appeal.
 {¶ 6} Appellant asserts a single assignment of error, which states:
 {¶ 7} "The trial court abused its discretion in refusing to establish any criteria regarding the Appellant's obligations to pay for room, board and books for the daughter of the parties."
 {¶ 8} Appellant contends that the trial court erred in not evaluating Kristi's college performance before determining that appellant was in contempt. Specifically, appellant argues that, because Kristi has withdrawn from several classes, received numerous incomplete grades, failed several classes, has attended college for four years, and is not yet a junior, she loses the right to have her mother continue to pay for her room, board, and book expenses.
 {¶ 9} As a general rule, courts are "without jurisdiction to order parents to support children who have attained the age of majority."[1]
However, where the parties have entered into an agreement that provides for child support beyond the age of majority and such agreement is incorporated into the divorce decree, the trial court may then enforce the agreement.[2]
 {¶ 10} Moreover, the agreed judgment entry, like a separation agreement, is a contract and is subject to the same rules of construction. Common, unambiguous words appearing in a written instrument will be given their ordinary meaning unless some other meaning is clearly suggested from the face of the document or the overall contents of the instrument.[3]
 {¶ 11} The provision contained in the agreed judgment entry, supra, contains clear, unambiguous language that sets forth four criteria to be met in order for both parents to assume separate duties to finance their children's college education.
 {¶ 12} First, the child must attend an accredited college or university. The record reveals that Kristi is attending Columbus State Community College and that it is accredited by the North Central Association of Colleges and Schools. Second, the child must be attending classes full time. Although she testified that she had previously withdrawn from classes and received incomplete grades at other times, she testified that she is currently enrolled full-time at Columbus State. Third, the child must be matriculating toward an undergraduate degree. Kristi testified that she is attending Columbus State with the intention of receiving an associate's degree and then going on to obtain a four-year degree. The fourth and final criterion is that the child must be under the age of twenty-three, and the record reveals Kristi was twenty when she testified at the hearing.
 {¶ 13} Therefore, when the unambiguous terms of the agreed judgment entry provision are given their common, ordinary meaning, it is clear that Kristi has met all the criteria. Appellant is clearly in contempt by refusing to pay for her daughter's room, board, and book expenses. That is to say, for each term where Kristi has met all four criteria; specifically, she is enrolled full-time, at an accredited college or university, matriculating to obtain an undergraduate degree, and under the age of twenty-three, appellant is under a duty to pay for her room, board, and book expenses.
 {¶ 14} While we sympathize with appellant that paying for room, board, and book expenses for a child who has failed to take her college education seriously seems unfair, it is the terms of the agreed judgment entry by which the parties must abide. The agreement sets forth no other special criteria, such as a certain grade point average or attendance at a particular institution, which could have easily been negotiated and incorporated into the agreement at its inception.
 {¶ 15} The record reveals that Kristi met all four criteria at issue for the following time periods: autumn quarter, 1998; winter quarter, 1999; spring quarter, 1999; winter quarter, 2000; spring quarter, 2000; autumn quarter, 2000; winter semester, 2001 and spring semester, 2001. Thus, Kristi met all four criteria for a total of eight separate grading periods. Therefore, appellant is in contempt for failure to provide for all room, board, and book expenses for Kristi during those grading periods in accordance with the agreed judgment entry.
 {¶ 16} Appellant's assignment of error is without merit. The decision of the trial court is affirmed.
DONALD R. FORD, J., ROBERT A. NADER, J., concur.
[1] Tapp v. Tapp (1995), 105 Ohio App.3d 159, 162, citing Maphet v.Heiselman (1984), 13 Ohio App.3d 278, 279; Miller v. Miller (1951),154 Ohio St. 530.
[2] Nokes v. Nokes (1976), 47 Ohio St.2d 1.
[3] Alexander v. Buckeye Pipe Line Co. (1978), 53 Ohio St.2d 241, paragraph two of the syllabus.