OPINION
{¶ 1} Defendant-appellant Richard L. Beitzel ("husband") appeals the March 16, 2006 Judgment Entry entered by the Tuscarawas County Court of Common Pleas, which approved and adopted the Magistrate's April 29, 2005 Decision, and incorporated the Magistrate's January 10, 2006 Findings of Fact as order of the court. Plaintiff-appellee is Cynthia R. Beitzel ("wife").
 STATEMENT OF THE CASE AND FACTS {¶ 2} Husband and wife were married on July 7, 1979. One child was born as issue of said union, to wit: Derek T. Beitzel (DOB 5/21/85), who is now emancipated and attending Baldwin Wallace College. On December 30, 2003, wife filed a Complaint for Divorce in the Tuscarawas County Court of Common Pleas. Husband filed a timely answer and counterclaim. Via Order filed March 8, 2004, the magistrate awarded wife temporary spousal support in the amount of $400/month. The magistrate further ordered the parties each to pay one half of Derek's college expenses and one half of his auto insurance.
 {¶ 3} Wife filed a Motion for Contempt on April 14, 2004, based upon husband's alleged failure to pay his share of Derek's tuition. Husband filed a Memorandum Contra. Via Magistrate's Decision filed June 14, 2004, the Magistrate found the parties had previously agreed each would pay one half of the auto insurance for their son, and that was incorporated into the Magistrate's March 8, 2004 Order, to which neither party objected. The magistrate also found the parties each were to pay one half of the cost for college tuition for Derek, and that was also incorporated into the Magistrate's March 8, 2004 Order. The magistrate noted husband had paid one half of the tuition for the second semester, but did not pay his one half of the tuition for the first semester, as he believed other expenses he paid had offset this obligation. The magistrate deferred ruling on wife's motion for contempt until final hearing at which time husband could present evidence of the payments he believed offset his obligation to pay the first semester tuition. The magistrate also recommended each party pay $421.79 per half towards Derrick's auto insurance.
 {¶ 4} Husband filed objections to the magistrate's decision relative to the recommendation regarding their son's auto insurance. Wife, likewise, filed objections to the magistrate's recommendation regarding the auto insurance, but she argued the magistrate did not allocate the appropriate amount as the insurance rates for Derrick had substantially increased due to his poor driving. The trial court conducted a hearing on the parties' respective objections. Via Judgment Entry filed October 14, 2004, the trial court found the magistrate's March 8, 2004 Order did not reflect the parties agreed to share tuition and auto insurance expenses on behalf of Derrick. The trial court concluded, "Absent a showing that the parties agreed to the magistrate's decision of March 8, 2004, pertaining to car insurance and college tuition for the adult child of the parties, the Court FINDS it is without jurisdiction to make such orders." October 13, 2004 Judgment Entry at 4. The trial court further ordered it would not adopt the magistrate's June 14, 2004 Decision.
 {¶ 5} The magistrate conducted a final hearing of the matter on December 7, 2004, and February 2, 2005. Via Decision filed April 29, 2005, the magistrate found wife was receiving unemployment benefits, having lost her job in September, 2004, when the business closed. Wife was also working part-time at the Stonecreek Bar and Grill. Her total net monthly income was $1,460.00. Husband was employed at Twin City Concrete. Husband's 2003 W-2 income was $40,676.84 plus $764 in unemployment benefits. In 2002, husband earned $42,692.06. The magistrate recommended husband pay spousal support in the amount of $800/month for ninety-six consecutive months, effective May 1, 2005. Husband filed timely objections to the magistrate's decision, which focused on the recommendation for spousal support. Wife filed a Reply to Objections on May 19, 2005. Thereafter, a flurry of motions besieged the court.
 {¶ 6} Via Judgment Entry filed December 8, 2005, the trial court found the magistrate failed to address the factors set forth in R.C. 3105.18, and remanded the matter for additional findings of fact considering those factors. The magistrate issued Findings of Fact on January 10, 2006. Therein, the magistrate examined each of the factors set forth in R.C. 3105.18, and recommended spousal support in the amount of $800/month for a period of ninety-six consecutive months. Via Judgment Entry filed March 16, 2006, the trial court found the magistrate's recommendation regarding spousal support was consistent with the findings set forth in R.C. 3105.18 and the evidence presented. The trial court further found the spousal support award was reasonable. The trial court approved and adopted the Magistrate's April 29, 2005 Decision, and incorporated said decision as well as the magistrate's January 10, 2006 Findings of Fact into its judgment entry.
 {¶ 7} It is from this judgment entry husband appeals, raising the following assignments of error:
 {¶ 8} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN REFUSING TO INCLUDE OR SET CONDITIONS ON THE MODIFICATION, DURATION OR TERMINATION OF THE SPOUSAL SUPPORT AWARDED TO APPELLEE.
 {¶ 9} "II. THE TRIAL COURT ABUSED ITS DISCRETION IN NOT ALLOCATING AND IMPUTING TO THE APPELLEE THAT SHE HAD A POTENTIAL AND PROVEN EARNING ABILITY IN THE AMOUNT OF $22,600.00.
 {¶ 10} "III. THE TRIAL COURT ABUSED ITS DISCRETION IN PERMITTING SPOUSAL SUPPORT TO APPELLEE WHOSE EXPENSES INCLUDED COLLEGE TUITION AND AUTO INSURANCE AND OTHER EXPENSES FOR AN EMANCIPATED SON.
 {¶ 11} "IV. THE TRIAL COURT ABUSED ITS DISCRETION IN AWARDING SPOUSAL SUPPORT AT THE AMOUNT OF $800.00 PER MONTH FOR 96 MONTHS ($76,800.00), WHICH SUPPORT INCLUDES AMOUNTS FOR ADULT SON'S COLLEGE TUITION, LIVING EXPENSES, AND AUTO INSURANCE AND EXCEEDS THE APPELLANT'S ABILITY TO PAY."
 {¶ 12} This case comes to us on the accelerated calendar. App. R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:
 {¶ 13} "(E) Determination and judgment on appeal. The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form."
 {¶ 14} This appeal shall be considered in accordance with the aforementioned rule.
 III, IV {¶ 15} Because we find husband's third and fourth assignments of error to be dispositive of this appeal, we shall address said assignments first. In his third assignment of error, husband maintains the trial court abused its discretion in determining spousal support based upon wife's monthly expenses which included college tuition and automobile insurance for an emancipated child. In his fourth assignment of error, appellant challenges the spousal support award with respect to the amount and duration.
 {¶ 16} Our review of a trial court's decision relative to spousal support is governed by an abuse of discretion standard.Cherry v. Cherry (1981), 66 Ohio St.2d 348, 421 N.E.2d 1293. We cannot substitute our judgment for that of the trial court unless, when considering the totality of the circumstances, the trial court abused its discretion. Holcomb v. Holcomb (1989),44 Ohio St.3d 128, 541 N.E.2d 597. An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 450 N.E.2d 1140.
 {¶ 17} The magistrate made the following findings with respect to wife's expenses:
 {¶ 18} "25. Cynthia R. Beitzel pays tuition for the party's son's college.
 {¶ 19} "26. Cynthia R. Beizel pays for her and her son's car insurance which totals Two Thousand One Hundred Dollars ($2,100.00) every six (6) months." April 29, 2005 Decision.
 {¶ 20} Husband argues, although the trial court ruled in his favor with respect to the issue of expenses for their emancipated child in its October 13, 2004 Judgment Entry, wife, nonetheless, listed the son's tuition and auto insurance in her Affidavit of Income, Expenses, and Financial Disclosure. Based upon the findings of the magistrate set forth supra, husband concludes the magistrate considered wife's payment of the emancipated son's college tuition and auto insurance as part of wife's monthly expenses when the magistrate determined the spousal support award of $800/month.
 {¶ 21} Wife responds:
 {¶ 22} "Admitted into evidence was Plaintiff's exhibit 15 which was her list of those expenses. (Tr. p. 27, 1. 14, February 2, 2005)
 {¶ 23} "As the Court can see from a review of that exhibit which is a part of the court's file, Plaintiff personally had monthly rent of $500.00, electric of $70.00, telephone bill of $38.00, gas bill of $85.00, car payment of $137.00, and groceries, toiletries, and gas and oil for her car per month of approximately $400.00. Therefore, pursuant to exhibit 15, those bills alone total $1,230.00 which is more than was allocated in spousal support per month in this case. She additionally showed monies owed for attorney fees which she was unable topay, insurance, medical bills from when she was assaulted by this Defendant which she was unable to pay, and her Sears and MasterCard credit cards which she was also unable to pay.
 {¶ 24} "Wherefore, Plaintiff/Appellee respectfully requests this court overrule Defendant/Appellant's third assignment of error in its' entirety. This Plaintiff was examined and cross-examined as regards her monthly bills and expenses. Plaintiff's exhibit 15 listed those in their entirety. She indicated that she was trying to help her son when she could as was the father. However, this spousal support order issued by the Magistrate was not based upon those expenses but rather based upon the bare minimum expenses of this Plaintiff who was in dire financial trouble throughout this case. She could not pay her first attorney, Richard Fox, who got out of the case and had been sued by him for those fees. (Tr. p. 25, 1. 24, February 2, 2005) She was unable to even pay her overdue credit cards and at times did not even have money for gas to get groceries. (Tr. p. 63, 1. 8, December 7, 2004) According to all accounts Plaintiff essentially had a nervous breakdown as a result of this divorce, the assault by her husband, and losing her job, all within a period of months. (Tr. P. 21, 51, 60, December 7, 2004) Defendant's claim that the spousal support award is based upon the son's expenses when the award was only $800.00 per month is completely inaccurate. There is nothing in this decision as regards the award of spousal support that is in any wayunreasonable, arbitrary, or unconscionable and the same should be upheld in its' entirety." Brief of Appellee at 16-17.
 {¶ 25} We find the fact the magistrate included two specific findings with respect to wife's payment of their son's expenses belies wife's contention the trial court did not consider such when computing the spousal support award. Although wife's other expenses may be sufficient to justify the $800/month spousal support award, the fact the magistrate made the specific findings with respect to the son's expenses implies the magistrate and thereafter, the trial court considered such expenses when determining the spousal support award. An emancipated child's expenses are improper to consider. Accordingly, we find the trial court abused its discretion in calculating spousal support which included the son's expenses as part of wife's monthly expenses.
 {¶ 26} Husband's third and fourth assignments of error are sustained.
 II {¶ 27} In his second assignment of error, husband contends the trial court abused its discretion in failing to impute income to wife. We disagree.
 {¶ 28} R.C. 3105.18(C)(1) lists 14 factors that a trial court must consider in determining whether spousal support is appropriate and reasonable, including the "income" and "earning abilities" of each party. R.C. 3105.18(C)(1)(a), (b). In expanding on the definition of "income" and "earning abilities," this Court explained, "[w]hen considering the relative earning abilities of the parties in connection with an award of spousal support, Ohio courts do not restrict their inquiry to the amount of money actually earned, but may also hold a person accountable for the amount of money a `person could have earned if he made the effort.'" Seaburn v. Seaburn, Stark App. No. 2004CA00343,2005-Ohio-4722, ¶ 32; citing Beekman v. Beekman (Aug. 15, 1991), Franklin App. No. 90AP-780. Therefore, "Ohio courts often impute income to parties who are voluntarily underemployed or otherwise not working up to their full earning potential." Id. at ¶ 33. It is not necessary that a trial court list each factor articulated in R.C. 3105.18(C) and comment on it, and a reviewing court will presume each factor was considered absent evidence to the contrary. Cherry v. Cherry (1981), 66 Ohio St.2d 348, 355.
 {¶ 29} Whether a party is "voluntarily unemployed or under-employed" is a factual determination to be made by the trial court based on the circumstances of each particular case.Rock v. Cabral (1993), 67 Ohio St.3d 108, 112. Similarly, the amount of income imputed to a person found to be "voluntarily under-employed" is equally a question of fact, not to be disturbed, absent an abuse of discretion. Id.
 {¶ 30} In the case at bar, the evidence established wife lost her job in September, 2004, when Progress Motors, the business for which she worked, went out of business. Wife had worked for Progress for approximately six or seven years, during which she earned $22,565.50. As of the hearing date on December 13, 2005, wife was working part-time, earning $1,460/month net income, including unemployment. The trial court specifically found wife would need to reestablish herself in a job. The trial court also found wife had "deteriorated physically and mentally while the divorce was pending due to the stress of the divorce."
 {¶ 31} Based on the foregoing, we find the court did not err in failing to impute income to wife for purposes of spousal support.
 {¶ 32} Husband's second assignment of error is overruled.
 I {¶ 33} In his first assignment of error, husband submits the trial court abused its discretion in failing to reserve jurisdiction over the award of spousal support. We find wife has the potential to become gainfully reemployed despite her current physical and emotional problems, which may well dissipate well after the case is resolved. As such, we are curious as to why the trial court would not retain jurisdiction over the spousal support award. However, in light of our disposition of husband's third and fourth assignments of error, we find husband's first assignment of error to be premature.
 {¶ 34} The Judgment of the Tuscarawas County Court of Common Pleas is reversed and the matter remanded for further proceedings consistent with law and this opinion.
Hoffman, J. Gwin, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Tuscarawas County Court of Common Pleas is reversed and the matter remanded for further proceedings consistent with law and our opinion. Costs assessed to wife.