[Cite as *Wiener v. Wiener*, 2013-Ohio-1849.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


| | | |
|---|---|---|
| MARCIE G. WIENER, | : | |
| | | CASE NOS. CA2012-09-085 |
| Plaintiff-Appellee/Cross-Appellant, | : | CA2012-09-087 |
| | : | O P I N I O N |
| - vs - | | 5/6/2013 |
| | : | |
| MARK S. WIENER, | : | |
| Defendant-Appellant/Cross-Appellee. | : | |


APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. 11DR34416


John D. Smith, Andrew P. Meier, 140 North Main Street, Suite B, Springboro, Ohio 45066, for appellee/cross-appellant

Manley Burke, LPA, Mark P. Painter, 225 West Court Street, Cincinnati, Ohio 45202 and Kirkland & Sommers, LPA, James R. Kirkland, 130 West Second Street, Suite 140, Dayton, Ohio 45402, for appellant/cross-appellee


**PIPER, J.**

{¶ 1} Defendant-appellant/cross-appellee, Mark Wiener (Husband), appeals from a decree of divorce entered by the Warren County Court of Common Pleas, Division of

Domestic Relations, which ordered him to pay spousal support to plaintiff-appellee/cross-appellant, Marcie Wiener (Wife).[1]

{¶ 2} Husband and Wife were married in 1980, and had two children born issue of the marriage. The parties separated on February 17, 2011, and Wife filed for divorce. At the time of the divorce, both children were emancipated. One child was 26, had graduated from college, and lived with Wife. The other child was 21, and was in his final year of college.

{¶ 3} Husband and Wife accrued considerable assets during their marriage, which included $2.4 million in marital property. At the time of the hearing, Husband's salary was $386,386 per year, and he received bonuses upon meeting certain performance criteria. During the marriage, Wife was a homemaker who cared for the parties' two children and the home. Wife currently works part-time at a health-care facility. The parties stipulated Wife's earning capacity, and imputed her income as $26,000 per year.

{¶ 4} The parties agreed to an equal division of their marital property. The trial court held a hearing with the main contested issue being spousal support. Upon the conclusion of the hearing, the trial court awarded Wife $13,500 per month in spousal support plus 45 percent of Husband's future employment-related bonuses. Husband now appeals the trial court's decision, raising the following assignment of error.

{¶ 5} THE TRIAL COURT ERRED BY AWARDING AN EXCESSIVE AMOUNT OF SPOUSAL SUPPORT.

{¶ 6} In his assignment of error, Husband argues the trial court erred by awarding Wife an excessive amount of spousal support because the trial court (1) impermissibly considered expenses Wife requested in order to aid the parties' emancipated children, (2)

---

1. Although Wife initially filed notice of her intent to file a cross-appeal as appellate case number CA2012-09-087, Wife voluntarily dismissed her cross-appeal on April 12, 2013 without filing a brief or setting forth any assignment of error. Therefore, this decision only addresses Husband's appeal.

over-emphasized Wife's "needs," and (3) failed to consider the equal division in marital property. For ease of discussion we will address Husband's arguments out of order.

{¶ 7} A trial court has broad discretion to determine the proper amount and duration of spousal support based on the facts and circumstances of each case, and a trial court's award of spousal support will not be disturbed absent an abuse of discretion. *Kedanis v. Kedanis*, 12th Dist. No. CA2012-01-015, 2012-Ohio-3533, ¶ 10. An abuse of discretion constitutes more than an error of law or judgment; it requires a finding that the trial court acted unreasonably, arbitrarily, or unconscionably. *Miller v. Miller,* 12th Dist. No. CA2001-06-138, 2002-Ohio-3870, ¶ 8.

**"Needs"**

{¶ 8} Husband argues that the trial court overemphasized Wife's "needs" when ordering spousal support.

{¶ 9} According to R.C. 3105.18(C)(1),

[i]n determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:

(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;

(b) The relative earning abilities of the parties;

(c) The ages and the physical, mental, and emotional conditions of the parties;

(d) The retirement benefits of the parties;

(e) The duration of the marriage;

(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;

(g) The standard of living of the parties established during the marriage;

(h) The relative extent of education of the parties;

(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;

(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;

(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;

(l) The tax consequences, for each party, of an award of spousal support;

(m)The lost income production capacity of either party that resulted from that party's marital responsibilities;

(n) Any other factor that the court expressly finds to be relevant and equitable.

If the trial court's order does not specifically address each R.C. 3105.18(C)(1) factor, a reviewing court presumes each factor was considered absent evidence to the contrary. *Justice v. Justice,* 12th Dist. No. CA2006-11-134, 2007-Ohio-5186, ¶ 21.

{¶ 10} Recently, this court discussed the difference between a spousal support order based on a party's "need" and the trial court's duty to base a spousal support order on a careful and full balancing of the factors in R.C. 3105.18(C)(1). *Kedanis*, 2012-Ohio-3533. In *Kedanis*, we turned away from a need-based support order, and instead held that,

a trial court must consider each of the factors listed in R.C. 3105.18(C)(1), and while a number of statutory factors relate to the financial condition of the parties, others exist to assist the trial court in achieving an equitable result. Need is but one factor among many that the trial court may consider in awarding reasonable and appropriate spousal support.

*Id.* at ¶ 19.

{¶ 11} Although the trial court's order did not individually address each of the factors in R.C. 3105.18(C)(1), the record indicates that the trial court clearly considered the factors when fashioning the spousal support award. The trial court's entry states, "the Court considered all of the spousal support factors and finds that spousal support is appropriate and reasonable," and then cited to R.C. 3105.18(C)(1). The trial court heard evidence regarding the factors during a hearing on the spousal support issue, and throughout its decision, made reference to pertinent factors.

{¶ 12} Regarding the parties' income, the trial court considered that Husband earns approximately $386,386 per year, along with yearly bonuses, whereas Wife's income was stipulated and imputed as $26,000 a year. While the parties have similar degrees and educational backgrounds, the relative earning abilities of the parties are significantly different given that Husband has successfully been promoted throughout the years while Wife was an active homemaker. Husband was a chief executive officer for a healthcare system at the time of the hearing, while Wife worked part-time at a medical center.

{¶ 13} The trial court also noted that both parties are healthy, and that Husband was 55 and Wife was 57 at the time of the entry. The court also noted that both parties have retirement benefits in that Wife is entitled to social security benefits, once she turns 66, of $1168 per month, and Husband's social security benefits of $2509 per month would also vest when he turns 66.

{¶ 14} The trial court heard evidence that the duration of the parties' marriage was 31 years, and that the standard of living the parties established during the marriage was more lavish than Husband's contention that they lived "frugal" lifestyles. The court made specific reference to the fact that the parties lived in a large home valued at $600,000, took various

vacations, and paid for cars and college expenses in cash. The court also noted that while Husband wished that Wife live in a "frugal" manner, Wife was entitled to a better standard of living than the one suggested in Husband's "paternalistic view."

{¶ 15} The court considered the relative assets and liabilities of the parties, as well as the lost income potential of Wife. The court declined to allow Husband to "reap the benefits of his increased earning ability and to penalize Wife for the parties' joint decision to have Wife devote her best earning years to homemaking. Both parties should share in the benefits from the joint decision to have Husband be the primary wage earner." The trial court also noted that Husband's career choices had caused the family to move seven times, during which time Wife provided care for the couple's children and home(s) rather than advancing her own career.

{¶ 16} Despite the clear reference to all the pertinent factors in R.C. 3105.18, Husband argues that the trial court relied too heavily upon Wife's "needs." However, any reference to Wife's "needs" in the trial court's entry is in relation to Husband's assertion at the hearing that Wife did not have "needs" requiring a large amount of spousal support. The trial court noted that,

> given the experiences of each party, each will have a "need" to continue, or implement, certain practices. In this case, Wife will likely "need" larger housing consistent with prior lifestyle. Consistent with their prior lifestyle, she will "need" to put more money in savings to insure a secure future. The Court must be given discretion to determine reasonable "needs" consistent with the factors set forth in O.R.C. §3105.18.

While Husband reads the trial court's entry as an overemphasis on "need," we do not. We perceive the dialogue to be a response to Husband's misplaced suggestion that Wife's "needs" should be viewed as limited.

{¶ 17} The trial court's written decision clearly made reference to the R.C. 3105.18(C)(1) factors, and then continued to counter Husband's "paternalistic" approach to

what Wife should receive as spousal support. During Husband's direct examination, the following exchange occurred between the trial court and Husband, leading to the trial court's determination that Husband's approach was "paternalistic."

> [Q] Mr. Wiener, are you telling me that, that, that [sic] she should only get the amount of money that she needs and shouldn't get a penny more and she shouldn't be able to save, so for example, you should be able to get an X larger amount because you should be able to save but she shouldn't be able to save?
>
> * * *
>
> [A] I don't think she should be able to save at an exorbitant rate, no Your Honor, I do not, especially when she doesn't work.
>
> [Q] Ok. So, shouldn't she … should she, should she [sic] be able to save at the same rate that you're able to save?
>
> [A] I don't think so.

While the trial court's commentary in its written decision may have been unnecessary, we do not find that such comments transformed the trial court's analysis away from the statutory factors and into an analysis impermissibly reliant upon need. The trial court's comments also do not mean its spousal support order was excessive.

{¶ 18} After balancing all of the factors and after considering the economic disparity between the parties, the trial court properly ordered spousal support. In doing so, the trial court did not impermissibly rely on "need" or any single factor when making its decision. Despite the superfluous reference to Husband's argument regarding Wife's need, we find no abuse of discretion in the manner in which the trial court analyzed the statutory factors.

**Emancipated Children**

{¶ 19} Husband argues that the trial court abused its discretion by ordering spousal support that included support to the parties' emancipated sons. Husband is correct that Ohio law is clear that a trial court cannot compel a parent to pay child support for emancipated children. *Miller v. Miller*, 154 Ohio St. 530 (1951); *Schumann v. Schumann*, 190 Ohio App.3d

824, 2010-Ohio-5472, ¶ 17 (8th Dist.). However, there is no indication in the record that the trial court ordered Husband to support his emancipated children.

{¶ 20} Husband argues that the trial court abused its discretion in setting spousal support because Wife's proposed budget was based upon supporting herself and to some extent, helping her two emancipated children. Husband claims that the trial court impermissibly figured the expenses of the two emancipated children in the spousal support award, which required him to "indefinitely support a household of three adults." However, and as discussed above, the record indicates that the trial court awarded spousal support after considering the statutory factors within R.C. 3105.18(C)(1), and did not increase the spousal support award so that Wife could act as the sole provider for the emancipated children. Instead, the trial court ordered spousal support according to the R.C. 3105.18 factors, and left it to Wife's discretion how she would spend her money.

{¶ 21} Husband relies upon a case from the Fifth District Court of Appeals, wherein the appellate court found that the trial court abused its discretion by determining appellee's spousal support by considering that she paid some expenses of the couple's emancipated child. *Beitzel v. Beitzel*, 5th Dist. No. 06AP040023, 2006-Ohio-4234. In *Beitzel*, the court concluded,

> We find the fact the magistrate included two specific findings with respect to wife's payment of their son's expenses belies wife's contention the trial court did not consider such when computing the spousal support award. Although wife's other expenses may be sufficient to justify the $800/month spousal support award, the fact the magistrate made the specific findings with respect to the son's expenses implies the magistrate and thereafter, the trial court considered such expenses when determining the spousal support award. An emancipated child's expenses are improper to consider. Accordingly, we find the trial court abused its discretion in calculating spousal support which included the son's expenses as part of wife's monthly expenses.

*Id.* at ¶ 25. We find the facts of *Beitzel* distinguishable from the present case.

**{¶ 22}** Unlike the situation in *Beitzel* where the trial court made specific findings that permitted payment of support for an adult child, the trial court here did not make any specific findings regarding Wife paying particular expenses for the adult children. Instead, the court merely commented upon Wife's potential *choice* to expend her money toward her children even if they were young adults. According to the trial court's written decision,

> Husband argues, and the Court agrees, that Wife has no legal "need" to assist their adult children. However, it is common knowledge that parents frequently assist their adult children. For example, this couple paid their sons' college education. That was a charitable "need" of the parties. Now, Husband believes that such further charity should not be considered. If so, would this slippery slope include a limitation on charitable church giving, assuming the parties tithed in the past. *Both parties must be given discretion on how they determine to spend, or save, their money.*

(Emphasis added.)

**{¶ 23}** Similar to the trial court's commentary on what Husband believed Wife "needed," the trial court was offering its own commentary regarding Husband's consistent avowal throughout the proceedings that he was no longer willing to help pay his children's expenses. The court was commenting upon Husband's overt disapproval that Wife continued to aid her children financially. During Husband's re-direct examination, the following exchange occurred.

> [Q] There was a question asked you towards the end of the cross, two questions I want to refer to. You were asked the question do you…do you have any criticism of how your Wife spends her money. Recall that?
>
> [A] Yes.
>
> [Q] How she spends that, is that different to you than what her budget may be if it includes the boys?
>
> [A] As a parent, I disagree, I think it's obvious to all in the room today, with how much um she is choosing to provide financial support to our two, adult, emancipated sons.

Husband disagreed with Wife's choice to aid their emancipated children, and the issue was one of contention throughout the proceedings. In fact, when the parties first discussed temporary support, they agreed that Husband would pay Wife $15,000 per month, but the agreement went unexecuted by Husband for several months because Husband did not want to help pay any expenses that might relate to the couple's children. During the time that Husband paid Wife temporary spousal support, he would arbitrarily subtract expenses from Wife's spousal support payment because he claimed to have paid expenses on behalf of the emancipated children. Husband urges this court to find an abuse of discretion in the trial court's support order because Wife may choose to continue assisting their children.

{¶ 24} Despite the trial court expressly agreeing with Husband that "Wife has no legal 'need' to assist their adult children," Husband asserts that the trial court's support order included expenses for the children. However, and as stated by the trial court, what Wife did with her own money was not up to Husband to decide. Despite Husband's protestations, the trial court could not order Wife to *stop* assisting her sons financially, as such was her choice in determining how to expend her spousal support. The court did not specifically find that Wife's expenses included financial assistance to their emancipated children. Nor did the court increase Wife's spousal support for the specific purpose of paying expenses exclusively for their children.

{¶ 25} The record clearly indicates that Husband had a strained relationship with both his children, as he filed motions asking that the court not permit his children to come to the marital residence in which he resided; called the police to be present to witness his children picking up their property from the marital residence; and other various instances where he complained to the court about the behavior of his sons. Furthermore, the record is patently clear that Husband did not approve of Wife spending money to aid their children. However, the parties had discretion on how they would each spend their own money, and the trial court

made that point very clear in its entry. Simply stated, the trial court's entry was not tantamount to impermissibly ordering Husband to support his emancipated children.

{¶ 26} Husband references the fact that Wife included her son's expenses when she submitted her monthly budget to the court. In fact, Wife's line-by-line expenses do make reference to some expenses related to the children. These expenses included $300 for a cellular bill for her and the children; $275 for auto insurance for her and the children; $1,110 for health insurance premiums for herself and the children; $700 for family travel; $1,200 in groceries; and $1000 for "financially assisting sons." When including these items, Wife's total monthly budget was $17,735. The total amount of expenses that Wife enumerated as involving the children is $4,585. Even if this court subtracts the full amount of expenses that included the children, Wife's monthly expenses would be decreased to $13,150, which is very much in line with the trial court's grant of $13,500 per month as spousal support. The trial court's order is an accurate reflection of Wife's monthly expenses, especially given that Wife also had to pay for *her own* cellular phone, auto insurance, health insurance premium, and that the only expenses based *solely* upon the children were $700 and $1,000 for travel and "financially assisting sons."

{¶ 27} The trial court reduced Wife's request for monthly spousal support from $17,735 to $13,500 after careful consideration of the R.C. 3105.18(C)(1) factors. We will not assume that the trial court included expenses related to the emancipated children in its spousal support order where the trial court did not make any factual findings similar to those in *Beitzel*. We simply cannot agree with Husband, and the dissent herein, that this reduction of Wife's request spousal support resulted in an "excessive" spousal support order.

{¶ 28} Again, this court is aware of the trial court's unnecessary verbiage within its entry regarding Wife's right to continue aiding her children and the misplaced comparison to charitable contributions. However, a careful review of the record indicates that the trial

court's orders were compliant with statutory precepts, and therefore, no abuse of discretion occurred simply because the trial court's entry contained gratuitous commentary.[2] Again, the trial court's commentary did not make its final order "excessive" as claimed in Husband's assignment of error.

**Failure to Consider Marital Property Division**

{¶ 29} Husband also argues the trial court failed to consider the equal division of over $2 million in marital property when determining spousal support. During the course of their marriage, the parties had amassed approximately $2 million in liquid assets and approximately $400,000 in equity in the marital home. The parties agreed to split the liquid assets, with each party receiving half.

{¶ 30} During the hearing, Husband estimated that if Wife properly invested her half of the marital property, she would earn approximately $50,000 per year as "income" from her investments. Although Husband also received half of the marital property and would also theoretically receive $50,000 per year from his own investments, he now argues that the trial court should have decreased or denied Wife spousal support because of her ability to earn $50,000 per year from investments.

{¶ 31} However, the record is clear that the trial court took into consideration the martial property division when it considered the R.C. 3105.18(C)(1) factors. The trial court stated in its entry, "Husband points out that the parties will split two million dollars in assets plus the marital equity in the house." The court went on to state, "Husband acknowledges Wife 'needs' to save monies but apparently believes she has already saved enough. However, to maintain their lifestyle, Wife 'needs' to continue to save for retirement years. Husband wants 'frugality' for Wife, but 'savings' for Husband." While Husband disagrees with

---

2. Much of the trial court's discussion appears to be aimed at establishing parity or equity as between Husband and Wife; much of the discussion about "needs" and charitable activities was addressing Wife's lifestyle.

the trial court's ruling, the order was based upon a thorough consideration of the unique facts of this case, and a complete analysis of the relevant statutory factors. We do not find that the trial court abused its discretion in not denying or significantly decreasing Wife's spousal support based upon the equal division of marital property.

{¶ 32} We do not agree with Husband's assignment of error that the award of spousal support was excessive. Having found that the trial court did not abuse its discretion by ordering spousal support as it did, we find no merit in Husband's arguments, and his assignment of error is overruled.

{¶ 33} Judgment affirmed.

M. POWELL, J., concurs.

RINGLAND, P.J., dissents.

**RINGLAND, P.J., dissenting.**

{¶ 34} I respectfully dissent from the majority's decision for the trial court's decision indicates that Wife's spousal support included support for the parties' emancipated sons.

{¶ 35} I have no dispute with the view of the trial court and majority that parties are given discretion to determine how they choose to spend or save their money. My dispute is with the trial court's consideration of the expenses of the parties' emancipated children in calculating spousal support.

{¶ 36} The majority states that we cannot assume that the trial court included expenses related to the emancipated children in its spousal support order. On the contrary, the trial court's own words make such speculation unnecessary. In its decision, the trial court stated that,

> this couple paid their sons' college education. That was a charitable "need" of the parties. Now, Husband believes that

such further charity should not be considered. If so, would this slippery slope include a limitation on charitable church giving, assuming the parties tithed in the past.

The court acknowledges Husband's argument that "charity" for the children should not be considered, but then makes clear that it disagrees. Inherently then, the court has said that such "charity" in the form of the children's expenses *can* be considered.

{¶ 37} Furthermore, we cannot assume that the trial court discounted the children's expenses, as the majority does, where the trial court gives no indication for the reasoning behind its reduction in spousal support from Wife's budget. This is especially true where the court has specifically acknowledged her inclusion of the emancipated children's expenses in her monthly budget, and supported such a "charitable 'need'" as a valid consideration.

{¶ 38} This case should not and cannot be precedent for the rule that expenses of emancipated children can be considered as a factor in determining spousal support. On its face, it appears the trial court did so in the present case.

{¶ 39} In light of the foregoing, I disagree with the majority's decision that the trial court did not consider and grant spousal support that included support of the parties' emancipated sons. Accordingly, I respectfully dissent from the majority's decision and would find that the trial court abused its discretion in its order of spousal support.